**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jonathan GARRETT, Defendant-Appellant.**

**No. 81–1521.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided June 22, 1982.

---

Philip A. DeMassa, San Diego, Cal., for defendant-appellant.

John C. Merkel, U. S. Atty., F. J. Diskin, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, SKOPIL and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Jonathan Garrett appeals from the denial of his motion to withdraw a guilty plea pursuant to Fed.R.Crim.P. 32(d). A hearing was held before Judge McGovern on August 20, 1981. The court denied the motion after testimony was taken and counsel had argued. Garrett was sentenced to custody for five years, fined $15,000 and received a special parole term of five years.

The sole question on appeal from a denial of a pre-sentence motion to withdraw a guilty plea that this court must address is whether the trial court abused its discretion. *United States v. Vasquez-Velasco,*

*Salute v. Pitchess,* 61 Cal.App.3d 557, 132 Cal. Rptr. 345 (1976).

471 F.2d 294 (9th Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692 (1973). Garrett argues that such an abuse occurred because: (1) the government breached its plea agreement; and (2) the district court failed to advise him adequately of the direct consequences of his guilty plea. We disagree and affirm the district court.

### I. *Facts*

Garrett signed a plea agreement with the government that stated, *inter alia:*

3. In addition, the undersigned Assistant United States Attorney agrees to recommend to the Court that Mr. Garrett remain free on the bond now set pending sentencing and that the sentencing date be set on or shortly after August 15, 1981.

\* \* \* \* \* \*

6. Mr. Garrett also acknowledges that:

a. The above is a full and complete recitation of the plea agreement and that his plea of guilty may not be withdrawn unless the Court rejects the recommendation to defer sentencing until after August 15, 1981, and to permit Mr. Garrett to remain on the bond now set pending sentencing;

\* \* \* \* \* \*

c. That the United States has retained the right to prosecute Mr. Garrett for any other offenses he may have committed.

Garrett was continued on the same bond and his sentencing was set for August 21, 1981, in Washington. The court also required Garrett to check in with the probation officer, by telephone, twice a month. Garrett failed, however, to make the required phone calls. On July 21, 1981, the government moved for the issuance of a warrant on the basis of Garrett's failure to comply with the conditions of his release. A federal grand jury in Florida returned an indictment on July 16, 1981, against Garrett and a warrant for Garrett's arrest was issued. On July 23, 1981, Garrett was arrested by state authorities in California on a charge which was unrelated to the Washington indictment, driving under the influ-

ence of intoxicants. Both federal warrants were lodged as detainers and Garrett was transferred into federal custody and removed to Seattle for sentencing.

### II. *The Plea Agreement*

Garrett claims that the government breached the plea agreement with respect to the bond. The plea agreement did not contain any reference to requirements that Garrett make telephonic reports. Garrett argues that the government's motion for issuance of a bench warrant for failure to make such reports was thus, a breach of the plea agreement. He also contends that based on an agency theory, the United States Attorney in Florida breached the plea agreement by the issuance of a warrant pursuant to the Florida indictment.

Garrett's arguments are unpersuasive. The plea agreement was that Garrett be continued on the same bond and that his sentencing be set no earlier than August 15, 1981. Garrett was continued on the same bond and his sentencing date was set for August 21, 1981. The plea agreement was thus fully complied with. His claims as to the bond conditions and the Florida arrest warrant based on a *different indictment* are simply irrelevant.

### III. *The Consequences of the Guilty Plea*

Garrett argues that he was not adequately informed of the consequences of his guilty plea because he "was not told his conviction in Seattle could act as an enhancing prior conviction . . . ." Opening Brief for Appellant at 10.

Fed.R.Crim.P. 11 requires that a defendant must be informed of the direct, but not the collateral, consequences of his plea. *United States v. King,* 618 F.2d 550, 553 (9th Cir. 1980). The Ninth Circuit has not specifically addressed the issue of whether sentence enhancement is a collateral consequence. Other courts, however, have treated enhancement as a collateral consequence. *See, e.g., Wright v. United States,* 624 F.2d 557, 561 (5th Cir. 1980); *Weinstein v. Unit-*

*ed States,* 325 F.Supp. 597, 600 (C.D.Cal. 1981). Garrett attempts to distinguish these cases and to characterize any resulting enhancement in his case as a direct consequence on the basis of "magnitude and immediacy." Opening Brief for Appellant at 10. This court has not focused on the magnitude of potential enhancement nor the proximity in time to the guilty plea as factors that are important to the determination of whether a consequence of the plea is direct or collateral. For instance, in *Fruchtman v. Kenton,* 531 F.2d 946 (9th Cir.), *cert. denied,* 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976), the issue was whether a deportation proceeding was a direct or collateral consequence of a guilty plea. *Id.* at 949. The fact that the deportation proceeding was one over which the trial judge had no control and no responsibility was important to the analysis of whether it was a direct or a collateral consequence. We declined to impose on the trial judge what would become an "unmanageable burden" of advising the defendant of such a consequence. *Id.* Thus, the deportation proceeding was deemed to be a collateral consequence. *Id.*

In the instant case, the Florida criminal proceeding is one over which the district court had no control and no responsibility. Based on the rationale in *Fruchtman,* any enhancement of Garrett's sentence by the Florida court is a collateral consequence of his guilty plea in the district court below.

### CONCLUSION

Garrett has failed to demonstrate that the trial judge abused his discretion in denying Garrett's motion to withdraw his guilty plea. The ruling of the district court is AFFIRMED.