UNITED STATES of America,
Plaintiff–Appellee,

v.

Gordon BROWNLIE,
Defendant–Appellant.

No. 89–10492.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1990 *.

Decided Oct. 1, 1990.

Roger L. Cossack, Santa Monica, Cal., and Ann C. Moorman, Jordan & Osterhoudt, San Francisco, Cal., for defendant-appellant.

Jeffrey W. Lawrence, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WALLACE, ALARCON and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

■ Brownlie appeals on constitutional grounds the district court's imposition of a sentence of twenty years imprisonment for Brownlie's possession with intent to distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291 (1988). We review the constitutionality of a statute de novo, *United States v. Flores,* 729 F.2d 593, 595 (9th Cir.1983), and we affirm.

Brownlie pleaded guilty in district court to a charge of possession with intent to distribute five kilograms of cocaine. Pursuant to 21 U.S.C. § 841(b)(1)(A) (1988), the district court imposed upon Brownlie a minimum of ten years imprisonment for his

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**528**

involvement with five kilograms of cocaine and an additional ten years because Brownlie had been convicted in 1983 of a felony drug offense involving marijuana. Brownlie claims that section 841(b)(1)(A)'s mandatory enhancement for a previous felony drug conviction deprives him of his due process right to receive an individualized sentence. We disagree.

 Sentencing under section 841(b)(1)(A) is individualized according to quantity and variety of narcotic possessed. *Cf. United States v. Klein*, 860 F.2d 1489, 1501 (9th Cir.1988) (sentences under section 841(b)(1)(B) are individualized according to the quantity and variety of the drug possessed). Furthermore, sentences are also individualized by sentencing courts' discretion beyond the mandatory minimum, *see id.*, to consider such factors as a defendant's culpability and circumstances, *see United States v. Kinsey*, 843 F.2d 383, 392–93 (9th Cir.) (sentences imposed on codefendants pursuant to section 841(b)(1)(A) were individualized based on assessments of each defendant's culpability and circumstances), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988). Indeed, the record here indicates that the sentencing court looked carefully at the circumstances of Brownlie's present conviction and his 1983 conviction, and determined that the most appropriate sentence was the twenty year minimum.

Brownlie also argues that the ten year sentence enhancement is disproportionate to his crime and therefore violates the eighth amendment. We are bound by *Kinsey* to reject Brownlie's argument. *See Kinsey*, 843 F.2d at 392–93 (rejecting defendant's identical eighth amendment claim). Brownlie's claim is simply a complaint that he wished Congress had established a gentler penalty for repeat drug offenders. Yet, he does not dispute that "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." *United States v. Valenzuela*, 646 F.2d 352, 354 (9th Cir. 1980) (quoting *Rummel v. Estelle*, 445 U.S.

263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980)).

We also reject Brownlie's claim that his prior drug conviction cannot be used to enhance his present sentence because his guilty plea to the prior charge was involuntary. A guilty plea is voluntary only if it is made by one fully aware of the direct consequences of the plea. *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988). The distinction between a direct and collateral consequence "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.* at 236. The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea. *See United States v. Garrett*, 680 F.2d 64, 65–66 (9th Cir.1982). Thus, Brownlie's plea was voluntary.

The judgment of the district court is affirmed.

AFFIRMED.