958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. HENDERSON, Petitioner-Appellant,
v.
William BUNNELL, Superintendent, Attorney General of the
State of California, Respondents-Appellees.
 No. 88-6406.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert R. Henderson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In 1985, Henderson was convicted of second degree robbery, and his sentence was enhanced pursuant to California Penal Code § 667 by two prior felony convictions, one of which he received in 1979, prior to the enactment of section 667. He argues that application of section 667 to enhance his 1985 conviction by his 1979 prior conviction violates the ex post facto clause. We disagree.
 
 
 4
 A law violates the ex post facto clause only if it (1) punishes as criminal an act that was not criminal when it was committed, (2) makes a crime's punishment greater than when the crime was committed, or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 110 S.Ct. 2715, 2719 (1990). Here, Henderson's enhanced sentence was imposed as punishment for his 1985 robbery conviction. Section 667, which provides for the enhancement, was enacted in 1982, before Henderson committed the 1985 offense. Applying section 667 to enhance his 1985 sentence does not violate the ex post facto clause. See id.; United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.) (no ex post facto violation when 1985 sentence enhanced by prior 1984 felony; federal enhancement scheme became effective after the 1984 offense and before the 1985 offense), cert. denied, 493 U.S. 837 (1989); United States v. Patterson, 820 F.2d 1524, 1527 (9th Cir.1987) (same).
 
 
 5
 Henderson also argues that his guilty plea to the 1979 conviction is invalid because he was not informed that his conviction could be used to enhance his sentence for future felony convictions. He concludes that the 1979 conviction cannot be used to enhance his 1985 sentence. This argument is meritless. Courts must inform defendants only of the direct, rather than the collateral, consequences of a guilty plea. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on the current conviction is not a direct consequence of a guilty plea. See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3