990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio Lambert JOHNSON, Defendant-Appellant.
 No. 92-50439.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 12, 1993.
 MEMORANDUM***
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 A federal grand jury handed down a two-count indictment charging Antonio Lambert Johnson with possession of and intent to distribute a total of nearly 100 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Johnson was tried by a jury and convicted on both counts. At the presentence hearing the district court found that Johnson had been convicted of a prior drug felony as alleged in the government's pretrial information, filed pursuant to 21 U.S.C. § 851(a)(1). Johnson was subsequently sentenced to 20 years' imprisonment to be followed by 10 years' supervised release on the first count, and 10 years' imprisonment to be followed by 5 years' supervised release on the second count, the sentences to run concurrently.
 
 
 3
 Johnson's appeal challenges the constitutionality of 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1), based on his contention that those statutory provisions resulted in a violation of his rights to due process and equal protection by granting too much "sentencing" discretion to the prosecutor. We review de novo, see United States v. Gordon, 974 F.2d 1110, 1114 (9th Cir.1992), and we affirm.
 
 
 4
 A defendant convicted of violating 21 U.S.C. § 841(a)(1) must be sentenced to a minimum of 10 years' incarceration unless he also has a prior felony drug conviction, in which case he must be sentenced to a minimum of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). Before a defendant charged with or convicted of violating section 841(a) may receive an enhanced sentence under section 841(b), the United States Attorney must first file an information setting forth the fact of the defendant's prior felony drug conviction. 21 U.S.C. § 851(a)(1).
 
 
 5
 We have repeatedly rejected similar challenges to the constitutionality of these and related statutes on both due process and equal protection grounds. See, e.g., United States v. Van Winrow, 951 F.2d 1069, 1071, 1073 (9th Cir.1991) (per curiam); United States v. Kidder, 869 F.2d 1328, 1335-36 (9th Cir.1989); United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990); United States v. Wilkins, 911 F.2d 337, 338-40 (9th Cir.1990); United States v. Sanchez, 908 F.2d 1443, 1445 (9th Cir.1990); United States v. Harding, 971 F.2d 410, 414 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993).
 
 
 6
 In the absence of any showing that Johnson was singled out for prosecution based on his race, or that the government engaged in purposeful discrimination by choosing to punish him and not others, or that Johnson was otherwise subjected to what amounts to an arbitrarily selective enforcement of the laws, his contentions must fail. See United States v. Kinsey, 843 F.2d 383, 391-93 & n. 6 (9th Cir.), cert. denied, 487 U.S. 1223 & 488 U.S. 836 (1988).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3