12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Joseph MAESTAS, Defendant-Appellant.
 No. 92-50580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 18, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theodore Joseph Maestas appeals his sentence following a guilty plea to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). We affirm.
 
 A. Anders Brief
 
 3
 Maestas' court-appointed counsel filed an Anders brief informing us that she found no non-frivolous arguments upon which to base an appeal and requesting that she be relieved as counsel. See Anders v. California, 386 U.S. 738 (1967). Before acting on her motion to withdraw, we must examine the record to determine whether her evaluation of it was sound. See Penson v. Ohio, 488 U.S. 75, 82-83 (1988). We agree with her conclusion that no issues merit appeal. She raises two issues in her brief.
 
 1. Ineffective Assistance of Trial Counsel
 
 4
 Ineffective assistance of counsel claims are more properly raised by collateral attack rather than on direct appeal. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). This "permit[s] the defendant to develop a record of 'what counsel did, why it was done, and what, if any, prejudice resulted.' " Id. (quoting United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991)). We will reach the issue on direct appeal where the record is sufficiently developed that collateral proceedings are unnecessary or the representation is so inadequate that it obviously interferes with a defendant's right to counsel. Id.
 
 
 5
 Neither of these two exceptions applies. The record is not developed regarding the quality of trial counsel Kenton's review of the constitutionality of Maestas' priors and how this may have affected his sentence. Kenton's representation did not obviously interfere with Maestas' right to counsel.
 
 
 6
 2. Retroactive Application of Guideline Amendments
 
 
 7
 The court granted Maestas a two-level reduction for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1. Since then, the Sentencing Commission has amended Sec. 3E1.1 to permit an additional one-point reduction under certain circumstances.
 
 
 8
 "Substantive amendments to the Guidelines that occur between the date of sentencing and the resolution of an appeal have no retroactive effect, unless specifically referenced in U.S.S.G. Sec. 1B1.10(d)." United States v. Aldana-Ortiz, slip op. 10503, 10505 (9th Cir. Sept. 23, 1993) (internal citation omitted). Section 1B1.10(d) does not refer to the amendment to Sec. 3E1.1. Maestas is not entitled to the reduction.
 
 B. Maestas' Additional Claims
 
 9
 1. Ineffective Assistance of Appellate Counsel
 
 
 10
 Maestas responded to the Anders brief, raising several issues. He argues that his appellate counsel was ineffective because she did not communicate with him about his appeal and did not conduct a sufficient investigation of appealable issues. Because we have reviewed the record and concluded that no appealable issues exist, we reject this argument.
 
 
 11
 Maestas also says that appellate counsel did not inform us of the trial court's sua sponte duty to examine the constitutionality of his prior convictions at sentencing. The court has no such duty. A defendant has the burden of establishing the constitutional invalidity of any prior convictions used to enhance his sentence. United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991).
 
 2. Constitutionality of Prior Convictions
 
 12
 Next, Maestas contends that the court sentenced him as a career offender based on unconstitutional prior convictions. Because he did not raise this issue before the district court, he has waived it. See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991).
 
 3. Use of Prior Plea Agreements
 
 13
 Maestas maintains that his prior guilty pleas were involuntary because the courts that accepted them did not tell him that those convictions could be used as the basis for career offender sentencing.
 
 
 14
 "A guilty plea is voluntary only if it is made by one fully aware of the direct consequences of the plea." United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990). "The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea." Id.
 
 4. Copy of Transcript
 
 15
 Finally, Maestas says that his trial counsel did not provide him with transcripts of his prior plea proceedings. We addressed Maestas' ineffective assistance of trial counsel argument in section A(1).
 
 
 16
 Our independent review of the record convinces us that this appeal is meritless. We decline to appoint new counsel, grant counsel's motion to withdraw and affirm Maestas' sentence.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3