19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry F. PERRIN, Defendant-Appellant.
 No. 92-36767.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 31, 1994.*
Decided Feb. 25, 1994.
 
 1
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Larry F. Perrin, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to set aside the sentence following his guilty plea to manufacturing 100 or more marijuana plants in violation of 21 U.S.C. Sec. 841(a)(1). Perrin contends that he is entitled to relief because (1) the written plea agreement entered into with the government was breached; (2) his attorney provided ineffective assistance by not objecting to the breach; and (3) the trial court did not inform him that his guilty plea could form the basis of future sentence enhancements.
 
 
 4
 Section 2255 requires the district court to hold an evidentiary hearing "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Rule 4(b), Rules Governing Section 2255 proceedings. We hold that the district court did not err in denying Perrin an evidentiary hearing because Perrin's allegations fail to state a claim for relief. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). Accordingly, we affirm.
 
 
 5
 * Perrin argues that his first conviction, and hence the sentence enhancement meted out following his second conviction, is invalid because the district court failed to admonish him fully of the consequences of his plea. The record demonstrates that the court conducted a thorough colloquy with Perrin regarding his guilty plea and advised him of the maximum penalty that he could receive. The court was not obligated to advise Perrin of the possibility of an enhanced sentence if he committed additional crimes subsequently. See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990).
 
 II
 
 6
 Perrin also argues that the sentence imposed following his first conviction violated the terms of his plea agreement. The plea agreement specified that Perrin would serve one year and one day in prison, but the district court sentenced Perrin to five years, with four and one half years of the sentence suspended. Perrin was assigned to work release, rather than prison, for the remaining six months. Perrin argues that this sentence constitutes a breach of his plea agreement and that his underlying conviction is invalid as a result.
 
 
 7
 Even if the suspended sentence imposed violated the terms of his plea agreement, Perrin would not be entitled to withdraw his guilty plea and stand trial. A breach of a plea agreement does not necessarily give the defendant the right to withdraw his guilty plea. The remedy for a broken plea agreement, when the error does not affect the inherent validity of the guilty plea, is specific performance.
 
 
 8
 Perrin's sentence enhancement was premised upon the fact of his first conviction, not upon the length or nature of his sentence. Thus even if we were to require that the terms of the plea agreement be followed literally, Perrin would not be entitled to have his sentence enhancement vacated. Were we to order specific performance here, Perrin would be required to serve not only his 360 month sentence, but an additional year and one day as well. Perrin's claim therefore fails.[1]
 
 III
 
 9
 Perrin also contends that his attorney was ineffective for failing to object to the imposition of a sentence greater than the terms of the plea agreement and for failure to inform him that he might receive an enhanced sentence if convicted of a subsequent offense.
 
 
 10
 In order to state a claim for ineffective assistance of counsel, a defendant is required to show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688-94 (1984). A defendant must overcome the presumption that the challenged action might have been part of a sound trial strategy. United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir.1990). The defendant must then prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 11
 The Strickland test applies to claims that counsel provided ineffective assistance concerning a guilty plea. Hill v. Lockhart, 474 U.S. 52, 56 (1985). In order to satisfy the second prong of the test, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. Moreover, counsel's failure to predict a defendant's future return to court for a more severe sentencing is not the kind of "gross mischaracterization" that falls below the level of competence required of attorneys representing criminal defendants. Torrey v. Estelle, 842 F.2d 234, 237 (9th Cir.1988).
 
 
 12
 Perrin claims that had his attorney objected to the imposition of his suspended sentence, he would have been able to withdraw his plea and proceed to trial. He has not shown that his attorney's failure to object to the probation term was error. It is likely that such an objection would have accomplished nothing except the risk of losing the benefit of the entire plea bargain. Nevertheless, assuming that the failure to object was not part of a competent trial strategy, Perrin has not shown how he was prejudiced by it. See id. Even if Perrin served a year and a day in prison instead of the sentence imposed by the court, he would still have been eligible for an enhanced sentence upon his second conviction. Therefore, he has not met the second prong of Strickland.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Perrin also argues that he is entitled to have his first conviction vacated because the government failed to return property seized during his arrest. The alleged failure to return property is immaterial to the validity of his guilty plea, however