35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Geno Morris COCKRUM, Defendant-Appellant.
 No. 94-50035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Geno Morris Cockrum, a federal prisoner, appeals the district court's partial grant of his 28 U.S.C. Sec. 2255 motion to correct his 97-month sentence. Cockrum pled guilty to drug and firearm charges. Cockrum contends that he received ineffective assistance of counsel because his state counsel withdrew an appeal of a state firearm case without researching the consequences on his pending federal charges. We affirm.
 
 
 3
 We review de novo both the denial of a section 2255 motion and a determination that the defendant received his Sixth Amendment right to effective assistance of counsel. Frazier v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 
 4
 A guilty plea is voluntary if the defendant is made fully aware of the direct consequences. United States v. Brownlie 915 F.2d 527, 528 (9th Cir.1990). "The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea." Id. A future sentence enhancement constitutes a collateral consequence of a guilty plea, about which the defendant need not be advised. Brownlie, 915 F.2d at 527; United States v. Garrett, 680 F.2d 64, 65-66 (9th Cir.1982).
 
 
 5
 Here, Cockrum contends that a prior state conviction for possession of a firearm was involuntary because his state counsel did not research the effect on his pending federal charges. Therefore, he argues that the state conviction was improperly included in his criminal history score, resulting in an enhanced sentence in the instant case.
 
 
 6
 Even assuming that state counsel failed to investigate the effect of the state conviction on the instant case, such failure would not constitute ineffective assistance of counsel. See Brownlie, 915 F.2d at 528; Garrett, 680 F.2d at 66; see also United States v. Edwards, 911 F.2d 1031, 1035 (5th Cir.1990) (state court's failure to advise uncounseled defendant about collateral consequences of her guilty plea to misdemeanor theft charge did not prohibit federal sentencing court from including the state conviction in the sentence calculation for a felony drug conviction on which the sentencing was pending at the time of the guilty plea in state court). Thus, Cockrum's ineffective assistance of counsel claim must fail.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3