87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ionel Claudio RADU, Petitioner-Appellant,
v.
George SMITH, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55689.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ionel Claudio Radu, a California state prisoner, appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Radu contends that: (1) he received ineffective assistance of counsel, (2) his sentence was improperly enhanced based on an invalid prior conviction, and (3) California Penal Code § 667(a) (West 1988) violates the Equal Protection Clause. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.[1]
 
 
 3
 We review de novo the denial of a petition for writ of habeas corpus. Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir.1995), cert. denied, 116 S.Ct. 1335 (1996). The district court's findings of fact are accepted unless they are clearly erroneous. Id.
 
 
 4
 * Ineffective Assistance of Counsel
 
 
 5
 Radu contends that his counsel was ineffective because he failed to consult with him during his testimony and failed to call defense witnesses. We disagree.
 
 
 6
 "[W]hen a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying." Perry v. Leeke, 488 U.S. 272, 281 (1989).
 
 
 7
 A claim of ineffective assistance of counsel presents a mixed question of fact and law reviewed de novo. Hendricks, 70 F.3d at 1036. To demonstrate ineffective assistance of counsel, defendant must show counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hendricks, 70 F.3d at 1036. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; See Hendricks, 70 F.3d at 1036. To show prejudice, defendant must show a reasonable probability that, absent counsel's error, the result of the proceeding would be different. Strickland, 466 U.S. at 694.
 
 
 8
 Here, while Radu was testifying, his counsel asked him if he had previously been convicted of two felonies. Radu responded, "That's something I would like to speak with you after this conversation." The court ordered Radu to answer the question. Radu's counsel reiterated the court's order. Radu perjured himself and was later impeached by the prosecution.
 
 
 9
 Although Radu has the right to consult with his counsel during trial, he has no such right while he testifies. See Leeke, 488 U.S. at 285. Accordingly, Radu's Sixth Amendment rights were not violated. See id.
 
 
 10
 Radu also contends that counsel was ineffective because he failed to call Radu's ex-wife, his ex-wife's mother, and a third person as defense witnesses. Radu claims that these witnesses' testimony would have supported his defense. In light of the evidence against Radu, counsel's decision not to call these witnesses was reasonable and not prejudicial. See Strickland, 466 U.S. at 687, 694; see also Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) (holding decision to subpoena witnesses rest upon sound professional judgment of trial lawyer).
 
 II
 Prior Conviction
 
 11
 Radu also contends that one of his 1987 guilty pleas was not knowing and intelligent because at the time of his plea the court did not advise him that the conviction could be used to enhance any future sentence he might encounter. Therefore, he claims, the use of his prior conviction to enhance his current sentence is unconstitutional. We disagree.
 
 
 12
 Courts must inform defendants only of direct, rather than collateral, consequences of a guilty plea. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). The possibility that a defendant will be convicted of another offense in the future and will receive an enhanced sentence based on the current conviction is not a direct consequence of a guilty plea. United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990). Because the court was not under the obligation to inform Radu of possible enhancements based on future convictions, Radu's 1987 plea was knowingly entered, and could be used to enhance his sentence. See Torrey, 842 F.2d at 235; Brownlie, 915 F.2d at 528.
 
 III
 Cal. Penal Code § 667(a)
 
 13
 Radu contends that he was improperly sentenced to two five-year enhancements pursuant to Cal. Penal Code § 667(a) (West 1988). Radu argues that section 667(a) violates the Equal Protection Clause because it allows a defendant previously convicted of two separate crimes in a consolidated proceeding to receive two enhancements while a defendant previously convicted of multiple crimes in a single proceeding receives only one enhancement. We disagree.
 
 
 14
 Federal habeas relief is unavailable for an alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989), cert. denied, 499 U.S. 963 (1992). Federal habeas review is limited to determining whether a conviction violated the Constitution. McGuire, 502 U.S. at 68. In order to demonstrate that a sentencing statute violates the Equal Protection Clause, a petitioner must state a claim that the statute is unevenly applicable to criminal defendants or is unevenly applied to the petitioner. See McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.1991). "Under the prevailing rational-basis test, plaintiffs in appellant's position bear the burden of establishing a prima facie case of uneven application." See id. at 835. "This test asks whether the challenged legislation bears a rational relationship to a permissible state objective." See id. at 835 n. 7 (internal quotations omitted).
 
 
 15
 To the extent that Radu is challenging the interpretation and application of section 667(a), this claim is not cognizable in a habeas petition. See McGuire, 502 U.S. at 68; Miller, 868 F.2d at 1119. To the extent that Radu claims that his sentence violates equal protection, we conclude that he has failed to show that there is no rational basis for the distinction drawn by the statute. See McQueary, 924 F.2d at 834 n. 6. Because the statute advances the legitimate goals of public safety and punishing recidivism, see People v. Jerez, 256 Cal.Rptr. 31, 36 (Cal.Ct.App.1989), the statute does not violate the Equal Protection Clause, see McQueary, 924 F.2d at 834-35.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal