THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DINO CAROSELLI, Appellant. [645 NYS2d 311]

The proof established that the defendant and an accomplice, dressed in traditional Hasidic garb and wearing false beards and bulletproof vests, attempted to rob the employees and clients of a law office at gunpoint. They exchanged gunfire with police officers as they fled. The defendant was felled when a bullet struck his leg. The police recovered one gun on the ground near him, and a second, warm gun from his jacket pocket.

The defendant contends that the People failed to prove his guilt of the attempted robbery. However, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the law office witnesses could not identify the defendant, due to his disguise, the two police officers testified that they saw him walk out of the office. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). The jury properly discredited the defendant's testimony that when the gunfire erupted, he was merely sitting in a car, dressed in Hasidic garb, waiting to hear from a now deceased partner to install a transmitter in the office.

We agree with the defendant that the prosecutor should not have used his "NYSID sheet" to establish his date of birth before the Grand Jury. However, the error did not impair the integrity of the Grand Jury proceeding or prejudice the defendant to the point of warranting dismissal of the indictment (see, CPL 210.35 [5]; People v Darby, 75 NY2d 449). Just before presenting the defendant's NYSID sheet, the prosecutor told the Grand Jury that the codefendant's NYSID sheet was to be considered "only for the purpose of the gentleman's date of birth" (see, CPL 190.30 [7]). It can be assumed that the Grand Jury applied the limiting instruction to the defendant as well as to the codefendant. Moreover, there is no indication in the record that the Grand Jury actually learned of the defendant's criminal history. In any event, the prosecutor presented

overwhelming evidence to establish a prima facie case. Therefore, there is no significant probability that the Grand Jury would not have indicted the defendant if the error did not occur (see, *People v Thompson*, 116 AD2d 377).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.