**Rodney Dean WILSON, Petitioner–Appellant,**

v.

**Thomas M. MADDOCK, Respondent–Appellee.**

No. 00–15687.

D.C. No. CV–97–00710–DFL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided July 9, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM *

■ The use of the preliminary hearing transcript as authorized under California law by *People v. Reed*, 13 Cal.4th 217, 52 Cal.Rptr.2d 106, 914 P.2d 184 (1996), did not violate Wilson's Fourteenth Amendment due process rights because defendants only need be advised of "direct consequences" for their pleas to be voluntary, *Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir.1986) (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)), and "[t]he possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea," *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir.1990) (citing *United States v. Garrett*, 680 F.2d 64, 65–66 (9th Cir.1982)). If defendants do not have a right to know the future sentencing consequences of their pleas, then Wilson did not have the right to know the future sentencing implications of his plea as interpreted through a preliminary hearing transcript.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

