Dino CAROSELLI, Petitioner–
Appellant,

v.

James STINSON, Superintendent,
Respondent–Appellee.

No. 02–2179.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2003.

Randolph Z. Volkell, Merrick, NY, for Petitioner–Appellant.

Morgan Dennehy, Assistant District Attorney (Leonard Joblove, Victor Barall, Assistant District Attorneys), for Charles J. Hynes, District Attorney for Kings County, Brooklyn, NY, for Respondent–Appellee, of counsel.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

### Summary Order

Petitioner-appellant Dino Caroselli challenges his 1993 conviction in New York state court for an attempted armed robbery of a Brooklyn law office. Following

a jury trial held in New York Supreme Court, Kings County, Caroselli was convicted of one count of Attempted Robbery in the First Degree, N.Y. Penal Law §§ 110.00, 160.15[4], two counts of Attempted Aggravated Assault upon a Police Officer in the First Degree, N.Y. Penal Law §§ 110.00, 120.11[2], and two counts of Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law § 265.03. On September 7, 1993, Caroselli was sentenced as a persistent violent felony offender to concurrent prison terms of seventeen and one-half years to life. As relevant here, Caroselli alleges that the trial judge improperly sentenced him as a persistent violent felony offender because that sentencing determination was premised on his 1985 conviction for attempted robbery in the second degree, which arose from an unconstitutionally obtained guilty plea. Caroselli alleges that the trial judge presiding over that guilty plea failed to inform him that he would be considered a persistent felon at a future sentencing.

Numerous direct and collateral challenges have followed from Caroselli's 1993 conviction. On June 24, 1996, the Appellate Division, Second Department, affirmed Caroselli's conviction, *State v. Caroselli*, 228 A.D.2d 691, 645 N.Y.S.2d 311 (1996), and the New York Court of Appeals denied leave to appeal on August 26, 1996. *People v. Caroselli*, 88 N.Y.2d 981, 649 N.Y.S.2d 388, 672 N.E.2d 614 (1996) (table). Between November 22, 1994 and June 20, 2001, Caroselli filed at least six unsuccessful motions in state court to vacate his judgment of conviction and set aside his sentence pursuant to New York Criminal Procedural Law §§ 440.10 and 440.20. On July 25, 1998, Caroselli filed two petitions for a writ of habeas corpus in New York Supreme Court, Washington County, and those petitions were denied on January 8, 1999 and April 20, 1999, with

his leave to appeal applications denied by June 8, 2000. Caroselli next moved in the Appellate Division for a writ of error coram nobis, which was denied on December 18, 2000. *People v. Caroselli*, 278 A.D.2d 425, 718 N.Y.S.2d 638 (2000).

On June 5, 1998, in the midst of these state collateral attacks, Caroselli filed a federal petition for a writ of habeas corpus in the Eastern District of New York (Weinstein, J.), raising six claims for relief. In the next three years, Caroselli's federal habeas petition was withdrawn and reinstated on two occasions. By letters dated June 26, 1998 and June 30, 1998, Caroselli moved to withdraw his petition without prejudice, and that motion was granted by the District Court by order dated August 22, 1998. Caroselli inquired about the status of his habeas petition on December 7, 1998, and on December 23, 1998, the District Court reinstated the petition. But by a letter also dated December 23, 1998 and another letter dated January 11, 1999, Caroselli once again moved to withdraw his petition, which the District Court granted by order dated January 15, 1999. Then by letters dated August 22, 2001 and August 28, 2001, Caroselli moved to reinstate his petition and to amend it, which was granted on September 27, 2001.

Caroselli filed his amended federal habeas petition on October 24, 2001, asserting eight claims for relief. The District Court held oral arguments on the petition on March 11, 2002, at which Caroselli appeared *pro se*. The respondent argued that Caroselli's petition should be dismissed because it was time-barred pursuant to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (codified at 28 U.S.C. § 2244(d)(1)). Although the District Court rejected this timeliness challenge, it nevertheless denied

Caroselli habeas relief, dismissing his petition for lack of merit. The court granted a certificate of appealability on both the timeliness issue and the question of whether Caroselli was adequately apprised of the consequences of his 1985 guilty plea, such that the conviction could provide a basis for his 1993 adjudication as a persistent felon.

This Court need not address the timeliness issue in this case, because, even if it were to resolve the issue in Caroselli's favor, it would affirm the district court's dismissal of his petition as without merit. *Cf. Fama v. Comm'r of Correctional Servs.*, 235 F.3d 804, 816 (2d Cir.2000).

■ AEDPA provides for habeas relief of state court adjudications if the state court "unreasonabl[y] app[ied] ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This statutory language refers to "the holdings, as opposed to the dicta, of [the Supreme Court's decisions.]" *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Supreme Court has not determined clear federal law establishing a criminal defendant's constitutional right to be informed, before pleading guilty, of the conviction's possible impact on a future sentencing enhancement. Indeed, federal appellate courts, including this court, have refused to recognize such a right. *See United States v. Salerno*, 66 F.3d 544, 551 (2d Cir.1995) ("That a defendant who is charged with a drug offense may later commit another drug offense, the penalty for which would be enhanced as a result of the original offense, is certainly a foreseeable possibility. But it is neither definite, immediate, nor largely automatic; hence, the defendant need not be told of this possible consequence in his original plea

colloquy.") *King v. Dutton*, 17 F.3d 151, 152 (6th Cir.1994); *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir.1991); *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990); *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir.1990); *Lewis v. United States*, 902 F.2d 576, 577 (7th Cir.1990); *United States v. Lambros*, 544 F.2d 962, 966 (8th Cir.1976)."

■ Moreover, the trial judge presiding over Caroselli's 1985 guilty plea sufficiently informed Caroselli that the felony conviction could have sentencing consequences if he were to commit a future felony. The court explained to Caroselli, "Finish with [serving the sentence for the instant felony] and you get involved in another felony, you will have to answer for this felony if you ever have another one, a next one. Is that clear to you?" Caroselli answered that he understood, and the court further noted, "That's what we call a predicate felon." Accordingly, even if there were clear federal law requiring a trial court to instruct a defendant of future sentencing consequences before accepting a guilty plea, Caroselli's petition fails under § 2254(d)(1)'s "unreasonable application" prong.

We have reviewed all of the petitioner-appellant's arguments and, for reasons stated above, affirm.