**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy BONNINGTON, aka Seal**
**M Defendant–Appellant.**

No. 05–50338.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided Aug. 7, 2006.

---

Becky S. Walker, Esq., Tracy L. Wilkison, Esq., USLA—Office of The U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Marilyn E. Bednarski, Esq., Kaye McLane & Bednarski, LLP, Pasadena, CA, for Defendant–Appellant.

Before: D.W. NELSON, O'SCANNLAIN, Circuit Judges, and JONES, District Judge.*

MEMORANDUM **

Defendant Timothy Bonnington appeals the 120–month sentence imposed following his guilty plea for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Bonnington was also charged in a single count information establishing a prior conviction of a drug offense under 21 U.S.C. § 851. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Bonnington claims that the district court erred by finding the fact of his previous conviction, asserting that a jury must make that determination by proof beyond a reasonable doubt. Bonnington argues that the Supreme Court's holding in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), providing that the fact of a prior conviction was a sentencing factor for the court, *id.* at 239–47, 118 S.Ct. 1219, has been undermined and effectively overruled by more recent precedent. *See, e.g., Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In *Apprendi*, the Supreme Court modified *Almendarez–Torres*, but carved out a prior conviction exemption, holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. While the more recent Supreme Court cases call into question the continued viability of the prior conviction exception, this Court lacks the authority to declare Supreme Court precedent invalid. *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *see also, State Oil Co. v. Khan*, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997). Moreover, this Court has repeatedly held that *Almendarez–Torres* remains binding. *See, e.g., United States v. Hernandez–Hernandez*, 431 F.3d 1212,

---

* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1216–17 (9th Cir.2005); *United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1182, 163 L.Ed.2d 1139 (2006); *United States v. Esparza–Gonzalez*, 422 F.3d 897, 907 (9th Cir.2005); *United States v. Rodriguez–Lara*, 421 F.3d 932, 949 (9th Cir.2005); *United States v. Cervantes–Flores*, 421 F.3d 825, 835 (9th Cir.2005), *cert, denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006); *United States v. Weiland,* 420 F.3d 1062, 1080 (9th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006); *United States v. Quintana–Quintana,* 383 F.3d 1052, 1052–53 (9th Cir.2004), *cert, denied,* 543 U.S. 1130, 125 S.Ct. 1100, 160 L.Ed.2d 1085 (2005). Thus, the prior conviction exception applies to Bonnington's sentence.

The District Court imposed the statutorily mandated minimum sentence due to the prior conviction enhancement under 21 U.S.C. § 851. Where the mandatory minimum sentence is involved, as opposed to a maximum sentence, there is no Sixth Amendment requirement for a jury determination. *Harris v. United States,* 536 U.S. 545, 567–69, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). Therefore, the district court properly decided the fact of Bonnington's prior conviction under current precedent and did not err in deciding not to submit the issue to a jury.

■ Bonnington also argues that his prior conviction under California state law had been "set aside," and therefore does not constitute a "final" prior felony drug conviction under 21 U.S.C. §§ 841(b)(1)(B) and 851. We disagree. "[A]n order [setting aside the felony conviction] pursuant to section 1203.4 does not render the dismissed conviction a legal nullity." *United States v. Hayden,* 255 F.3d 768, 773 (9th Cir.2001). Further, California Penal Code § 1203.4 provides that "in any subsequent prosecution ... the prior conviction may be pleaded and proved and *shall have the same effect as if probation had not been granted* [.]" (emphasis added).

■ Last, Bonnington argues that his sentence, the mandatory minimum of 120 months, violates the Eighth Amendment. However, Bonnington is a repeat offender who was still sentenced *below* the Guidelines minimum. We see no Eighth Amendment error. *See United States v. Brownlie,* 915 F.2d 527, 528 (9th Cir.1990).

**AFFIRMED.**