■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GRADY TAYLOR and JEFFREY LEVINE, Respondents.—Order, Supreme Court, Bronx County (Frank Diaz, J.), entered January 30, 1991, which dismissed the indictment charging rape in the first degree and related crimes, unanimously reversed, on the law, and the indictment reinstated.

The indictment, dated March 15, 1988, charged the defendants with committing rape and other acts against six year old L.C. at various times between December 1986 and October 1987. By a decision dated December 19, 1988, Justice Edward Davidowitz, *inter alia,* denied the defendants' motion to dismiss the indictment on the grounds that the evidence before the grand jury was not legally sufficient (CPL 190.65, 210.20 [1] [b]; 210.30).

Subsequent to jury selection, the defendants received the grand jury minutes of prospective witnesses as required by CPL 240.45 (1). Both defense attorneys moved to dismiss the indictment on the grounds that the grand jury proceedings were defective within the meaning of CPL 210.35 (5). Specifically, the defendants contended that they were prejudiced when the grand jury heard allegations from six year old L.C.

that her thirteen year old sister "D" and a five year old, "A", had also been raped and sexually abused. Defendants argue that they were not charged with crimes against "D" or "A" and further that no limiting instructions were given to the grand jury regarding these allegations. The trial court (Justice Diaz) agreed and dismissed the indictments with leave to represent the evidence to another grand jury.

While there was no error in the court entertaining a motion to dismiss on a ground substantially different than one previously determined, we conclude that it was error to dismiss the indictment on the ground of a prejudicial presentation to the grand jury. It is reasonable to conclude that the grand jury might have been asked to indict the defendants for alleged crimes involving "D" and "A" were it not for the lack of cooperation of "D" and problems growing out of the youth of "A". While it is true that testimony of the uncharged acts against "D" and "A" would generally not be admissible at trial, such evidence in this case did not render the grand jury proceedings defective. Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.