■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EVARISTO MATOS, Respondent. [599 NYS2d 598] —Order, Supreme Court, New York County (Brenda S. Soloff, J.), entered on or about April 3, 1991, which granted defendant's motion to dismiss the indictment against him for legal insufficiency (CPL 210.20 [1] [b]), unanimously reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remanded to the Supreme Court for further proceedings.

According to the Grand Jury minutes in this case, on September 25, 1990 the defendant was standing next to his codefendant, Luis Rosado, when an undercover police officer approached Rosado and asked if he was "working." Rosado replied, "Yeah, how many?" The officer responded "two," whereupon Rosado reached into a brown paper bag he was holding, removed two vials of crack cocaine, and handed them to the officer, who gave Rosado a sum of money. Rosado immediately handed that money to the defendant. The officer left and notified the field team, which minutes later arrested Rosado and the defendant. They were charged with acting in concert in the sale of cocaine. The defendant moved to dismiss the indictment for legal insufficiency of the evidence presented to the Grand Jury (CPL 210.20 [1] [b]). The trial court granted the motion, and the People have appealed.

"In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt." *(People v Mayo,* 36 NY2d 1002, 1004.) "As applied to a case involving wholly circumstantial evidence, this standard limits the reviewing court's inquiry to determining whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged

crimes. That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could rationally have drawn the guilty inference" *(People v Deegan,* 69 NY2d 976, 979).

Here, it cannot be said as a matter of law that the facts, and the inferences which may be reasonably drawn therefrom, did not establish a prima facie case against the defendant, especially since similar facts have been held sufficient to support a *conviction* for criminal sale of a controlled substance *(People v Williams,* 172 AD2d 448, *affd for reasons stated at App Div* 79 NY2d 803). While the evidence in *Williams (supra,* at 448) was somewhat stronger—Williams was "continually looking around" in addition to accepting the buy money from the person who made the direct sale—the "prima facie" standard applicable here is more easily satisfied than the "proof beyond a reasonable doubt" standard applicable in *Williams.*

We reject the reasoning in *People v Cabrerra* (NYLJ, Dec. 11, 1990, at 23, col 5 [Sup Ct, Bronx County]) upon which the Supreme Court relied in dismissing the indictment herein. That court, on facts indistinguishable from those presented herein, apparently accepted the contention that transfer of the buy money was " 'totally equivocal' " and consistent with " 'the payment of an overdue debt, a gift, or a loan.' " *(Supra,* at 23, col 6.)* We explicitly rejected that argument in *People v Williams (supra).* Accordingly, we reinstate the indictment and remand for further proceedings. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.