■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON HACKETT, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL HARRELL, Respondent. [646 NYS2d 89]

Defendants were indicted for the crimes of murder in the second degree (felony murder), robbery in the first degree and related counts. The charges stemmed from defendants' alleged participation as lookouts in a robbery at a grocery store located at 965 East 172nd Street. Dismissal of the indictment in this matter on the ground of legal insufficiency was based on the hearing court's finding that two statements, made by the identifying witness before the Grand Jury, which the court considered dispositive of the issues concerning defendants' criminal intent and actions taken in furtherance of the robbery, constituted inadmissible opinion evidence by a lay witness. In addition, the hearing court determined that even if the evidence before the Grand Jury were found to be legally sufficient, the presentation of the evidence was defective due to failure of the Assistant District Attorney to provide the Grand Jury with a circumstantial evidence charge.

The testimony in question was provided by an eyewitness, Reginald Robinson, who stated that he knew defendants and the two individuals who entered the store, Junior Hanley and William Velez, for at least five years prior to the date of the crime. The witness stated that he observed the four men around the block from the store, overheard Hanley state that it was the "right time for us to do this", then saw Velez and Hanley put their hoods over their heads and walk around the corner into the store while defendants remained outside looking up and down the block. Robinson stated that he thereafter

saw Velez and Hanley exit the store and then saw Hanley fire two shots at an individual known to Robinson as "T" after "T" grabbed Hanley. The specific testimony that was rejected as inadmissible by the hearing court consisted of the portion of Robinson's statements in which he concluded that the four men, when standing together, were "getting ready to go into the store", and the portion of his statement in which he concluded that defendants Hackett and Harrell were looking up and down the block, "look[ing] for the police".

The general rule is that lay witnesses may testify only to the facts and not to their opinions and conclusions drawn from the facts. It is left to the jury to draw the appropriate inferences arising from the facts (*People v Russell*, 165 AD2d 327, 332, *affd* 79 NY2d 1024). The recognized exception to the general rule is that a lay person may give opinion evidence only when the subject matter of the testimony was such that it would be impossible to accurately describe the facts without stating an opinion or impression (*supra*). For example, opinions of lay witnesses have been received with respect to, *inter alia*, matters of color, weight, size, quantity, light and darkness and inferences of identity as to race, language, persons, visibility and sounds (Prince, Richardson on Evidence § 7-202, at 445 [Farrell 11th ed]).

The statements rejected by the hearing court herein were inadmissible conclusions reached by the witness apparently based upon a retrospective view of the events that occurred at the store. However, they were not dispositive of the issues surrounding the legal sufficiency of the evidence presented to the Grand Jury in support of the indictment, and their inclusion did not warrant dismissal of the indictment.

A Grand Jury may indict a person for an offense when it possesses legally sufficient evidence, that also establishes reasonable cause to believe that the person has committed the offense (CPL 190.65 [1]; *People v Jennings*, 69 NY2d 103, 115). " 'Legally sufficient evidence' " means competent evidence which, if accepted as true, would establish every element of the offense charged and the defendant's commission thereof (CPL 70.10 [1]; 69 NY2d, *supra*, at 115). The admission of inadmissible testimony does not necessarily require dismissal of the indictment where the other admissible evidence is sufficient to support the accusatory instrument (*see, People v Diaz*, 209 AD2d 1, 4, 6, *lv denied* 85 NY2d 972; *People v Taylor*, 181 AD2d 408, *lv denied* 79 NY2d 1055). In this matter, the evidence presented to the Grand Jury other than the two inadmissible conclusions was clearly sufficient to support the indict-

ment (*cf., People v Roldan*, 211 AD2d 366, *affd* 88 NY2d 826). The testimony of the identifying witness and of the victims of the robbery at the very least established that: (1) a robbery took place in the store in question; (2) defendants were talking with Hanley and Velez, the two perpetrators who entered the store, immediately before they entered the store; (3) at that time Hanley stated "this is the right time for us to do this"; (4) defendants waited outside the store* looking up and down the block while the robbery occurred and (5) after Hanley shot the individual known as "T", defendants fled at the same time as the perpetrators. While certain of defendants' acts considered discretely may be considered innocuous, when viewed in their totality, the rationally drawn inferences therefrom directly point toward defendants' guilt as accomplices. "[I]t is irrelevant that innocent inferences can be drawn from defendant's actions as long as the Grand Jury could rationally have drawn a guilty inference" (*People v Diaz, supra*, at 6, citing *People v Deegan*, 69 NY2d 976, 979; *People v Matos*, 195 AD2d 287, 288, *lv denied* 82 NY2d 756).

Contrary to defendants' argument, the prosecutor was not required to provide the Grand Jury with a circumstantial evidence charge. "It is axiomatic that 'a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed in the law.' " (*People v Batashure*, 75 NY2d 306, 311, quoting *People v Calbud, Inc.*, 49 NY2d 389, 394.) In any event, as in *People v Roldan (supra)*, the eyewitness testimony in this case, if believed by the Grand Jury, directly established reasonable cause to believe that defendants committed the offenses charged in the indictment. Thus, the evidence was not entirely circumstantial and no circumstantial evidence charge was required (*People v Daddona*, 81 NY2d 990, 992). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ. *[See,* 165 Misc 2d 269.]

---

* Defendants argue that there was no direct testimony that they went around the block and waited outside the store. However, the testimony of the identifying eyewitness that defendants waited "on the outside", taken in context, not only allows for the inference by the Grand Jury that defendants waited outside the store in question, but directly makes the assertion.