■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant. [657 NYS2d 36] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered June 30, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The court properly permitted a police witness to testify that defendant changed direction upon making "eye-to-eye contact" with the witness. Rather than expressing an opinion or describing defendant's mental operations, the use of that phrase was necessary for the purpose of accurately describing the officer's actual observations (*see, People v Hackett*, 228 AD2d 377, *lv denied* 88 NY2d 986).

Even assuming that a "two inference" instruction was warranted in light of the above evidence, which allegedly demonstrated defendant's consciousness of guilt, we would find that the court's refusal to give such an instruction does not warrant reversal, because the court's charge as a whole gave the jury appropriate guidance *(supra)*, and because any consciousness of guilt evidence was a minor component of the People's case (*see, People v Hilton*, 210 AD2d 180, *lv denied* 85 NY2d 939). Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.