■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DION GASEN, Respondent. [724 NYS2d 730] —Order, Supreme Court, New York County (John Bradley, J.), entered on or about September 22, 1999, which dismissed the indictment with leave to re-present on the ground of insufficiency of the

Grand Jury evidence, unanimously reversed, on the law, the motion denied and the indictment reinstated.

The motion court erred in concluding that the People did not present a prima facie case as to the sale of narcotics by defendant. "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt" (*People v Mayo*, 36 NY2d 1002, 1004). Here, "it cannot be said as a matter of law that the facts, and the inferences which may be reasonably drawn therefrom, did not establish a prima facie case against the defendant" (*People v Matos*, 195 AD2d 287, 288, *lv denied* 82 NY2d 756).

The indictment, which charged defendant with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance near school grounds, was supported by the following testimony:

The undercover officer who had acted as the buyer testified that he spoke to a man, later identified as Mr. Richardson, sitting in front of 141 West 110th Street, a building known for drug dealing, and asked him if there was any crack inside the building. Richardson replied "yes, but they won't let you in if they don't know you." When the undercover said "okay" and began to walk away, Richardson called him back and said that some crack was available on 112th Street and that he "knew everyone over there." Richardson asked for money, and the undercover gave him $10 in prerecorded buy money. Richardson then said "follow me," and the officer walked with him to a location on 112th Street between 7th and 8th Avenues. On that block, Richardson met up with defendant.

Although the undercover buyer was instructed to walk away while Richardson and defendant spoke, and therefore could neither hear nor observe the hand-to-hand transaction, that gap was filled in by the testimony of the undercover ghost who was working with the undercover buyer, and who was able to observe the transaction. He saw Richardson walk away from the undercover buyer and over to defendant, who was standing nearby, and watched the two men engage in a conversation. The ghost then saw Richardson give defendant money, and saw defendant hand Mr. Richardson something, although he could not see what it was.

According to the undercover buyer, Richardson returned to him, and as they walked away from the scene eastward on 112th, Richardson put one red top vial of crack cocaine in his hand.

Together, the testimony of these two witnesses was sufficient

to constitute prima facie evidence of the sale by defendant of the vial of crack cocaine sold to the undercover buyer. In the context of this transaction, it may be concluded that defendant had passed Richardson a vial of crack cocaine, which Richardson handed to the undercover buyer moments later.

As to the charge of possession of the second vial, which was found in the police van, Officer Greene testified that in the process of arranging the transportation of the suspects to the precinct, he first conducted "an initial sweeping of the van, checking crevices and corners * * * to make sure that there was no other drug contraband in the van prior to us using it," and found no such contraband present. After the prisoners from that night had been brought to the precinct and taken from the vehicle, Greene found a red top vial of crack cocaine right behind the far left hand side rear seat where defendant had been seated during the ride; the other two prisoners who were transported had been seated near the right wheel well and in the middle behind the driver's seat. This testimony, plus the fact that the vial found was identical to that which defendant had sold to the undercover buyer, was enough to constitute prima facie evidence that defendant had been in possession of that second vial of crack cocaine. And, in view of defendant's sale to the undercover officer, it could be properly inferred that he had the intent to sell the second vial as well.

Finally, the charge of criminal sale of a controlled substance near school grounds was sufficiently supported by Officer Greene's testimony that P.S. 113, on 113th Street between 7th and 8th Avenues, was within 1,000 feet of where the sale took place. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.