■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARTE, Appellant. [815 NYS2d 93]—

Judgment, Supreme Court, New York County (Herbert Adlerberg, J.H.O., and Micki A. Scherer, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered December 7, 2004, convicting defendant of arson in the second and third degrees, and criminal mischief in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 8 years, 3 to 6 years, and 2 to 4 years, respectively, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, the judgment vacated and the matter remanded to Supreme Court for a new trial.

Initially, we find that the trial court erred in admitting testimony from the store owner's four employees detailing their conclusions, drawn from their observation as a group of a poor-quality surveillance videotape, that defendant gathered garbage and had set the fire, especially since the videotape was the only evidence the prosecution could muster against defendant, and none of the employees had actually witnessed the incident. Thus, their opinions "were inadmissible conclusions reached by the witness[es] apparently based upon a retrospective view of the events" at the scene (*People v Hackett*, 228 AD2d 377, 378 [1996], *lv denied* 88 NY2d 986 [1996]; *cf. People v Russell*, 79 NY2d 1024 [1992], *affg* 165 AD2d 327 [1991]; Prince, Richardson on Evidence § 7-202 [*n*], at 451-453 [Farrell 11th ed]).

The foregoing is compounded by improper comments made by the prosecutor during summation. Indeed, the prosecutor, at least three times during his closing argument, and despite sustained objections, continually pointed out to the jury that the four employees had identified defendant as the man in the videotape, and then, in concluding, specifically invited the jury to "wonder why [defendant] chose not to testify," an error of "constitutional dimension" (*People v LaDolce*, 196 AD2d 49, 54 [1994]; *see also People v Crimmins*, 36 NY2d 230, 241 [1975]), which improperly shifted the burden of proof to defendant (*People v Jamal*, 307 AD2d 267, 268 [2003]; *People v Smith*, 288 AD2d 496, 497 [2001]).

Accordingly, we find that based upon these cumulative errors, reversal is warranted and a new trial required. To the extent these errors were not preserved, we choose to reach them in the interest of justice. Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.