People v Polanco (2023 NY Slip Op 04731)

People v Polanco

2023 NY Slip Op 04731

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Ind. No. 418/15 Appeal No. 636 Case No. 2019-2059 

[*1]The People of the State of New York, Respondent,
v
Javier Polanco, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Katia A. Barron of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Amir H. Khedmati of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered December 18, 2018, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 17 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
The trial court providently exercised its discretion in permitting the investigating detective to identify defendant as one of the men in the surveillance footage. A lay witness may give an opinion concerning the identity of a person depicted in a video "if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the [video] than is the jury" (People v Sanchez, 95 AD3d 241, 249 [1st Dept 2012] [internal quotation marks omitted], affd 21 NY3d 216 [2013]). The testimony was properly admitted based on evidence of the detective's familiarity with defendant from spending eight hours with him after his arrest shortly after the crimes and the fact that defendant's appearance was different at trial (see id.). Although the detective's testimony indicates that his identification was also impermissibly based on information that he had obtained during his investigation, rather than on his perception of the surveillance footage alone (see People v Harte, 29 AD3d 475, 476 [1st Dept 2006]), the court instructed the jurors that the identity of the individuals in the videos was ultimately an issue for them to decide. Thus, defendant was not prejudiced (see People v Coleman, 78 AD3d 457, 458-459 [1st Dept 2010], lv denied 16 NY3d 829 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023