■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ISAAC, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 7, 1975 (the date on the clerk's extract is June 9, 1975), convicting him of rape in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. While the defendant bases his appeal on several grounds, the determinative issue is whether the trial court's refusal of a defense counsel request that it instruct the jury that, in determining the voluntariness of the defendant's confession to a police detective after receiving the *Miranda* warning, the jury must consider whether a prior confession to another police officer who had not given the defendant any *Miranda* warnings, had affected the voluntary nature of the later confession. It appears from the record that the People failed to dispute defendant's contention that the earlier confession had been obtained without the *Miranda* warnings first being given. The testimony of the police detective who testified to receiving the second confession made it clear that prior to giving defendant his *Miranda* warnings that officer had been told by another officer, who was not called by the People to testify, that the defendant had made admissions and that the testifying officer should obtain the same admissions from the defendant. As the Court of Appeals has pointed out in *People v Tanner* (30 NY2d 102, 105-106): "A man who makes admissions under duress or in violation of his constitutional right to warning and advice may feel so committed by what he has then said that be believes it futile to assert his rights after he has been later advised of them before new questioning begins. This state of mind may have an effect on the waiver leading to the later admissions; or on the voluntary nature of those admissions." In *United Stated ex rel. Stephen J. B. v Shelly* (430 F2d 215, 219), the court sustained a Federal habeas corpus order on the ground that the petitioner's confession had not been based on an intelligent waiver. The controlling factor was the court's finding that the improperly elicited prior statement let "the cat-out-of-the bag" and induced his subsequent statement. The refusal of the trial court to grant the instruction requested, which prevented the jury from considering whether the defendant believed he was so committed by his prior admission that he felt bound to make another, was reversible error

.requiring a new trial. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.