■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAL GALLUCCIO, Appellant.—Judgment of the County Court, Nassau County, rendered February 6, 1979, affirmed (see *People v Haymes,* 34 NY2d 639; *People v Mitchell,* 71 AD2d 609). This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE ISAAC, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 7, 1975, convicting him of rape in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered (see *People v Isaac,* 64 AD2d 718). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND JACKMAN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Dutchess County, imposed September 16, 1976, the sentence being an indeterminate term of imprisonment with a maximum of three years. Appeal dismissed. The maximum term of defendant's sentence has expired. Lazer, J. P., Mangano, Gibbons and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAHER, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Richmond County, imposed March 23, 1979, upon his conviction of robbery in the second degree, upon his plea of guilty, the sentence being a term of imprisonment with a minimum of 3⅓ and a maximum of 10 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a term of imprisonment with a minimum of two and a maximum of six years. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KATHLEEN NOVACK and DIANE NOVACK, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County, dated April 10, 1979, which, upon defendants' motion to dismiss the indictment in the interest of justice, dismissed the indictment on the ground that defendants had been denied their right to a speedy trial. Order reversed, on the law, and indictment reinstated. Criminal Term erred in dismissing the indictment on a ground other than that set forth by the defendants in their motion to dismiss (cf. *People v Kovzelove,* 72 AD2d 608). On the facts presented in the instant record, dismissal of the indictment was not warranted in the interest of justice (see *People v Clayton,* 41 AD2d 204). Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.