■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CELESTINO BAEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Broomer, J.), entered May 24, 1983, which, upon the defendant's motion, dismissed the indictment.

Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings.

The court's dismissal of the indictment, ostensibly based upon the defendant's omnibus motion made almost one year and five months earlier, was more accurately based upon an oral motion made at the urging of the trial court. In either case, the People were not given notice of the specific ground upon which the defendant's dismissal motions were based, namely, that the Grand Jury proceeding was tainted by prejudice when proof of a prior conviction was presented to the Grand Jury with the remainder of the evidence. Reversal is warranted where the People were not given proper notice of the ground upon which dismissal was sought (see, CPL 210.45 [1]; People v Novack, 74 AD2d 652; People v Clayton, 41 AD2d 204, 207).

Furthermore, when a prior conviction elevates an offense of lower grade to one of higher grade and thereby becomes an element of the latter, it is not an improper procedure to present proof of the prior conviction to the Grand Jury along with the remainder of the evidence concerning the defendant's alleged commission of the offense (see, CPL 200.60 [4]). There is no statutory provision requiring a bifurcated proceeding, in which evidence of the prior conviction is introduced only after the Grand Jury indicts the defendant on the lower grade of the offense. Here, the Grand Jury was informed that the defendant had been convicted of a crime on February 4, 1958, and was instructed as to the limited purpose of such proof. Accordingly, the presentation of evidence of the defendant's prior conviction neither impaired the integrity of the Grand Jury proceeding nor prejudiced the defendant. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.