■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HOWARD L. KELLER, Respondent. [625 NYS2d 325] —Yesawich Jr., J. Appeal from an order of the County Court of Cortland County (Mullen, J.), entered June 23, 1994, which granted defendant's motion to dismiss the indictment.

Indicted on charges of driving while intoxicated as a felony, in violation of Vehicle and Traffic Law § 1192 (3) (hereinafter felony DWI), aggravated unlicensed operation of a motor vehicle in the first degree, in violation of Vehicle and Traffic Law § 511 (3), failure to keep right and unlicensed operation of a motor vehicle, defendant moved for inspection of the Grand Jury minutes and dismissal of the indictment. After an

in camera review of the minutes, County Court concluded that because certain reports had been improperly admitted into evidence, and a witness had advised the Grand Jury on legal matters, in violation of CPL 190.25, dismissal of the entire indictment was necessitated. The People appeal.

In our view only the first count (felony DWI) should have been dismissed. Inasmuch as defendant's guilt with respect to two of the crimes with which he had been charged—felony DWI and aggravated unlicensed operation of a motor vehicle —was predicated upon, among other things, his having been previously convicted of certain offenses (see, Vehicle and Traffic Law § 511 [2] [a] [ii]; [3] [a] [i]; § 1193 [1] [c]), the certificate of conviction and Department of Motor Vehicles abstract, which constituted evidence of those prior convictions, were quite properly put before the Grand Jury (see, CPL 200.60 [4]; 60.40 [3]; People v Baez, 118 AD2d 863, lv denied 68 NY2d 665).

Moreover, while the arresting officer's explanation of why he had charged defendant with aggravated unlicensed operation, offered in response to a juror's question, might be considered legal advice, which as defendant notes may not be provided by a witness (see, CPL 190.25 [6]), a transgression of this nature requires dismissal of the ensuing indictment only if there is some possibility that prejudice to the defendant could result (see, CPL 210.35 [5]; People v Di Falco, 44 NY2d 482, 486). Where, as here, the officer's explanation was essentially accurate, and the Assistant District Attorney also gave appropriate instructions on this matter, the breach could not possibly have adversely affected the Grand Jury process or the outcome of its deliberations. Nor is there any likelihood, given the documentary evidence of defendant's prior DWI convictions, that the officer's hearsay statement about defendant's driving record could have had a prejudicial effect. Defendant's contrary arguments notwithstanding, dismissal of the entire indictment on any of these grounds was unwarranted.

Insofar as the felony DWI charge is concerned, however, the indictment cannot stand, for although proof of defendant's prior convictions had been placed in evidence, it does not appear from the record that the Grand Jury was furnished with any legal instruction as to the findings necessary to justify indictment for the higher grade offense. This significant omission could have resulted in prejudice to defendant; hence, dismissal of the first count of the indictment was mandated (see, People v Calbud, Inc., 49 NY2d 389, 396; People v Darcy,

113 Misc 2d 580, 584-585; *cf., Matter of Report of Special Grand Jury,* 77 AD2d 199, 202).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion in regard to counts two, three and four of the indictment; motion denied to that extent and said counts are reinstated; and, as so modified, affirmed.