■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ADORNO, Also Known as ANGEL JIMINEZ, Appellant. [628 NYS2d 426] —White, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 23, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the third degree.

On March 26, 1992 in New York City, Julio Maldonado and Raymond Alvarado purchased 400 packets of heroin, having an aggregate weight of slightly over one-half ounce, which they intended to sell in Rochester. Later that day they rented an automobile, picked up defendant and his brother, Ivan Adorno, and proceeded to drive to Rochester via the Thruway. As they were driving through the Town of Florida, Montgomery County, at around 2:50 A.M. on March 27, 1992, State Troopers Alberto David and Louis Roman observed their vehicle proceeding in a slow and erratic manner. After following it a short distance, the Troopers pulled it over. Roman asked Maldonado, the driver, for his license and the rental papers for the vehicle. David, who was standing at the rear of the vehicle, saw Alvarado, the front seat passenger, open the glove compartment, get the papers, close the compartment and then reopen it. At that point, David shone his flashlight into the vehicle and observed a semiautomatic pistol in the compartment. Immediately, he pulled Alvarado from the car and warned Roman about the gun, whereupon Roman ordered Maldonado and both rear seat passengers, defendant and Adorno, out of the vehicle.

As David was retrieving the gun from the compartment, he noticed a clear plastic bag next to it containing 200 packets of heroin. The four men were then arrested and Roman conducted an inventory search of the vehicle, finding the additional 200 packets of heroin in the trunk. Thereafter, the four men were jointly indicted and, following trial, defendant was convicted of the crime of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the third degree. This appeal ensued.

Defendant initially argues that the indictment should have been dismissed because the Grand Jury proceedings were defective in that the People failed to conform to CPL 200.60. This failure allegedly occurred when his "rap sheet" was presented to the Grand Jury in support of the charge that he violated

Penal Law § 265.02 (1).[1] This argument lacks merit because where a prior conviction elevates an offense, it is not an improper procedure to present proof of the prior conviction to the Grand Jury along with the remainder of the evidence concerning the defendant's alleged commission of the offense (*see, People v Baez*, 118 AD2d 863, *lv denied* 68 NY2d 665; *see also*, CPL 200.60 [4]).

Defendant next argues that County Court improperly amended the indictment. The indictment charged defendant with "being criminally liable for his own conduct and also criminally liable for the conduct of the co-defendants". Prior to the jury charge, the People withdrew the charge of acting in concert and County Court instructed the jury to consider only defendant's individual culpability. As there is no legal distinction between liability as a principal or criminal culpability as an accomplice (*see, People v Rivera*, 84 NY2d 766, 769), this procedure cannot be equated to an improper amendment of the indictment since it did not prejudice defendant nor change the theory of the People's case (*see, People v Mendez*, 209 AD2d 547, *lv denied* 84 NY2d 1013).

We further find no fault with County Court's deletion of the phrase "and the defendants have each previously been convicted of a crime" from count four of the indictment, predicated upon Penal Law § 265.02 (4), since the deletion of this phrase did not alter the theory of the People's case nor prejudice defendant as it was surplusage.

Prior to completion of the selection of the jury, Maldonado and Adorno entered guilty pleas.[2] Defendant then moved for a mistrial claiming that he could no longer receive a fair trial because of the absence of the two codefendants. He withdrew the motion after County Court advised him that it would be six months before another trial could be scheduled. Defendant now claims that he withdrew his motion under duress. This claim is not supported by the record, which shows that defendant discussed this issue with his attorney and indicated to the court that he had sufficient time to reflect on this matter before he withdrew the motion. In any event, he was not prejudiced by the withdrawal of the codefendants since they pleaded guilty outside of the presence of the jury and County Court admonished the jury that they must not draw any inference from their absence (*see, People v Thomas*, 212 AD2d 474).

At trial, State Trooper Matthew Probst was asked on direct

---

1. The count of the indictment predicated upon this section was dismissed by County Court due to the People's failure to comply with CPL 200.60.
2. Alvarado had previously entered a guilty plea.

examination if he had any conversations with defendant after he was taken into custody. He replied that he asked defendant "if he wanted to talk to me" and defendant stated, "No, I've got nothing to say to you." We disagree with defendant that this fleeting reference to his postarrest silence contributed to his conviction, particularly since County Court gave prompt curative instructions which it repeated in its charge to the jury (see, People v Blair, 148 AD2d 767, 768, lv denied 74 NY2d 661).

The People's case against defendant was predicated upon Penal Law § 220.25 (1) and § 265.15 (3). These sections provide, with certain exceptions, that the presence of a controlled substance or a firearm in an automobile is presumptive evidence of its illegal possession by all occupants of the vehicle. The presumption is rebuttable, either by the defendant's own testimony or by any other evidence, including the inherent or developed incredibility of the prosecution's witnesses (see, People v Leyva, 38 NY2d 160, 167).

Here, Alvarado testified for defendant that neither he nor Maldonado showed the heroin to defendant nor did defendant ever have possession of the firearm. Alvardo did admit that defendant and Adorno were familiar with the Rochester area whereas Alvarado was not, and that they had paid for the gasoline for the trip. Alvarado further testified that defendant warned him about speeding because of the presence of radar and State Troopers. Defendant maintains that in view of Alvarado's testimony rebutting the presumption, County Court erred in permitting the jury to consider the automobile presumption. We do not accept this argument as we do not consider the evidence strong enough to make the presumption incredible (see, People v Lemmons, 40 NY2d 505, 510).

The next issue we shall consider is whether the verdict is against the weight of the evidence. Under this standard of review, if based on all the credible evidence a different finding would not have been unreasonable, we must weigh the probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn from the testimony and, if it appears that the trier of fact failed to give the evidence the weight it should be accorded, then we may set aside the verdict (see, People v Bleakley, 69 NY2d 490, 495).

Applying this standard here, we find that the presumption of possession applies to this case since the evidence of defendant's knowledge of the Rochester area, his purchase of gasoline for the trip, his concern about the presence of radar and State Troopers, along with the dealership quantity of illegal drugs in

the car, provides a rational connection between the presence of defendant and the contraband in the car and the presumed fact, i.e., his knowledge of the contraband (*see, People v Warrington*, 192 AD2d 735, 736, *lv denied* 82 NY2d 760; *People v Glenn*, 185 AD2d 84, 89). Further, we find that Alvarado's testimony that defendant, a presumed stranger to him, was going to Rochester in the middle of the night to visit relatives lacks probative force. Therefore, applying the presumption of possession, which we find was not rebutted, we conclude that the verdict was not against the weight of the evidence (*see, People v James*, 151 AD2d 606, 607).

We have not considered defendant's arguments premised on *People v Ryan* (82 NY2d 497) as the issues raised therein have not been preserved for our review (*see, People v Gray*, 86 NY2d 10). Further, we have not been persuaded that these issues require reversal or modification in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant was sentenced as a second felony offender to $12\frac{1}{2}$ to 25 years' imprisonment for each drug conviction and as a persistent violent felony offender to 20 years to life imprisonment for the weapons conviction, all three sentences to run concurrently. As there is nothing in the record indicating that County Court abused its discretion in imposing this sentence or that there are mitigating factors justifying a lesser sentence, there is no reason for us to disturb the sentence imposed (*see, People v Bankowski*, 204 AD2d 802, 803).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

