OPINION OF THE COURT
Richard Lee Price, J.
*119 ISSUE
Whether a bifurcated Grand Jury proceeding obviates the need for a limiting instruction in a case where the People must introduce defendant’s prior criminal record to establish an element of the crime.
STATEMENT OF FACTS
Defendant stands indicted for the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) which provides as follows: "A person is guilty of criminal possession of a weapon in the third degree when * * * [h]e commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime.” Before the Grand Jury, the Assistant District Attorney presented evidence that defendant was in possession of a gravity knife in violation of Penal Law § 265.01 (1). The Assistant then instructed the Grand Jury on the law, reading Penal Law § 265.01 (1) to them. Once the charge was completed, the Assistant left the Grand Jury chamber so that the Grand Jury could vote on whether to indict for the misdemeanor. Once they voted, the Assistant re-entered the Grand Jury chamber and for the first time presented evidence regarding defendant’s prior conviction. He placed a certified fingerprint comparison report into evidence then read the following certification from the certificate of disposition:
"I do certify that it appears from an examination of the records on file in this office, that the above named defendant was indicted by the Grand Jury of the county of the Bronx, on the second day of October, 1975, charged with the crime of murder in the second degree.
"That thereafter, the said defendant was arraigned before the Honorable Judge Bloom, Justice of the Supreme Court, County Judge of Bronx County, on the fifteenth day of April, 1977 and pleaded guilty to the crime of manslaughter in the first degree”. (Grand Jury minutes, at LD6, LD7.)
The Assistant then introduced the document into evidence and re-read the certification quoted above verbatim.
The Assistant District Attorney then instructed the Grand Jury on the law of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), but did not instruct the Grand Jury as to the limited purpose for which defendant’s prior conviction was to be used.
*120 CONCLUSIONS OF LAW
I. Defective Grand Jury Proceedings Generally
"CPL 210.35 (5) provides that a Grand Jury proceeding is defective when 'the integrity thereof is impaired and prejudice to the defendant may result.’ The exceptional remedy of dismissal is thus warranted only where a defect in the indictment created a possibility of prejudice” (People v Huston, 88 NY2d 400, 409 [1996], quoting People v Di Falco, 44 NY2d 482, 487 [1978]). "Dismissal of indictments under CPL 210.35 (5) should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury” (People v Huston, 88 NY2d, at 409). "[T]he statutory test * * * does not turn on mere flaw, error or skewing. The statutory test is very precise and very high: 'impairment of integrity’ of the Grand Jury process” (People v Darby, 75 NY2d 449, 455 [1990]). However, a possibility of prejudice is sufficient and a showing of actual prejudice is not required (People v Huston, 88 NY2d, at 409, citing People v Sayavong, 83 NY2d 702, 709, 711; People v Wilkins, 68 NY2d 269, 276; see also, People v Percy, 45 AD2d 284 [2d Dept 1974]).
II. Testimony Before the Grand Jury of Defendant’s Prior Convictions
The two common situations when a defendant’s prior convictions are introduced are (1) if defendant is testifying before the Grand Jury (see, People v Loizides, 125 Misc 2d 537 [Suffolk County Ct 1984]), or (2) if a prior conviction is an element of the charged crime (see, People v Keller, 214 AD2d 825 [3d Dept 1995]; People v Zapatero, NYLJ, Oct. 1, 1993, at 26, col 5).
As to the former, " 'proof * * * of [the] prior convictions is received only on credibility and the instructions to the jury must carefully delineate the distinction.’ ” (People v Thompson, 116 AD2d 377, 381 [2d Dept 1986], quoting Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.40, at 545.) As to the latter, the evidence is admissible only to establish an element of the crime (People v Baez, 118 AD2d 863 [2d Dept 1986], lv denied 68 NY2d 665; see, CPL 200.60 [4]; People v Adorno, 216 AD2d 686 [3d Dept 1995]). "[W]hen a prior conviction elevates an offense of lower grade to one of a higher grade and thereby becomes an element of the latter, it is not improper procedure to present proof of the prior conviction * * * along with the remainder of the evidence concern *121 ing the defendant’s alleged commission of the offense” (People v Baez, 118 AD2d, at 863 [defendant’s "rap sheet” was admitted into evidence before Grand Jury in support of felony weapons possession charge]; People v Keller, 214 AD2d, at 826, supra [certificate of conviction and Department of Motor Vehicles abstract of defendant’s prior misdemeanor DWI conviction used to establish felony DWI]). In these cases, in order to establish that a felony has been committed, the People must prove that the defendant had previously been convicted of a crime (People v Gleichmann, 89 Misc 2d 648, 650 [Nassau County Ct 1977]).
III. Function of a Limiting Instruction
"[U]ncharged crimes should not be admitted for the sole purpose of demonstrating that the defendant was predisposed to commit the crime charged. The risk is that a jury, not convinced of defendant’s guilt may nevertheless find against him because his conduct generally merits punishment or because of his bad character” (People v Celestino, 201 AD2d 91, 97 [1st Dept 1994]). In Celestino the Court found that the "failure to give any limiting instruction whatsoever, did not adequately protect defendant from the jury reaching such a prejudicial conclusion and, therefore, constitutes reversible error.” (Supra, at 97.) As such, a trial court is required to instruct the jury as to the limited purpose of this evidence (supra, at 97).
"Whenever it is provided * * * that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury.” (CPL 190.30 [7].) As such, the prosecutor may, but is not required, to instruct the Grand Jury as to the limited purpose of the evidence of defendant’s prior crimes.
Where the prosecutor fails to advise the Grand Jury that defendant’s prior convictions may be utilized by it for a limited purpose, the indictment may be dismissed as defective (see, People v Adams, 81 Misc 2d 528, 530 [Sup Ct, NY County 1975]; People v Hargrove, 80 Misc 2d 317 [Sup Ct, Westchester County 1975]).
IV. When is the Integrity of the Grand Jury Proceeding Impaired
Where a prosecutor instructs the Grand Jury of the limited purpose of the evidence of defendant’s prior conviction, the *122 introduction of the previous conviction is not prejudicial, the integrity of the Grand Jury proceeding is not impaired, and dismissal of the indictment is not required (see, People v Baez, 118 AD2d, supra, at 863; People v Gleichmann, 89 Misc 2d, supra, at 648 [a limiting instruction was given by the Assistant District Attorney when the Grand Jury was made aware of a prior DWI conviction]). Prejudice to the defendant is negated by the curative instruction which it is presumed that the Grand Jury followed (People v Almonte, 170 AD2d 267 [1st Dept 1991]).
"[T]he failure to provide such [limiting] instructions does not warrant the dismissal of the indictment in the absence of prejudice to the defendant” (People v Hardison, 181 AD2d 506, 507 [1st Dept 1992], citing People v Thompson, 116 AD2d, supra, at 382; People v Adams, 81 Misc 2d 528, supra; cf., People v Hargrove, 80 Misc 2d 317, supra; People v Percy, 74 Misc 2d 522, affd 45 AD2d 284, affd 38 NY2d 806). "While the giving of such instruction is not mandated by the statute, which is clearly permissive in nature, the failure to do so” may impair the integrity of the Grand Jury proceeding (People v Loizides, 125 Misc 2d, supra, at 542-543). Although the failure to provide a limiting instruction may not by itself impair the integrity of the Grand Jury proceeding and require dismissal of the indictment, the cumulative effect of a number of errors may also result in prejudice to the defendant (see, People v Placencia, 157 Misc 2d 397 [Sup Ct, Kings County 1993]).
V. Prejudice to the Defendant
In evaluating whether a defendant has been prejudiced, courts have looked at a variety of factors including whether the proof against the defendant was overwhelming, whether the defendant’s character was in issue before the Grand Jury, and if the evidence was provided to the Grand Jury for reasons other than to show defendant’s bad character.
In cases in which "the totality of the proof against the defendant was overwhelming” (People v Hardison, 181 AD2d, supra, at 507, citing People v Thompson, 116 AD2d 377, supra) the failure to charge a limiting instruction generally does not result in prejudice to the defendant (see, People v Caroselli, 228 AD2d 691). Where the evidence of guilt is not overwhelming, the use of defendant’s prior conviction as proof of guilt will tip the scales in favor of a vote to indict and result in significant prejudice to the defendant. In the case at bar, the proof of defendant’s guilt was overwhelming, so it was unlikely that the defendant suffered any prejudice.
*123 The determination as to which witnesses are reliable is to be made solely by the Grand Jury, uninfluenced by the opinion of the prosecutor (People v Huston, 88 NY2d, supra, at 408). It follows that where a defendant’s credibility is in issue before the Grand Jury, usually a case where defendant testifies, the failure to provide a limiting instruction is much more likely to result in prejudice to the defendant. In Hargrove (80 Misc 2d 317, supra), the defendant was charged with criminal sale of a controlled substance in the third degree and he chose to testify in the Grand Jury. The prosecutor, upon cross-examination, went into the subject matter of defendant’s prior convictions including a prior drug conviction. Not only was no limiting instruction given, but the court found that the prior convictions were "manifestly employed to overcome the inference of innocence which the Grand Jury might have drawn from the proof offered in defendant’s behalf. In other words, this highly suggestive impeachment testimony was used against the defendant substantively, in an effort to convince the Grand Jury of his guilt” (supra, at 327). Similarly, in Loizides (125 Misc 2d 537, supra), the testimony focused on the credibility of the defendant, as such, evidence of the defendant’s prior crime, which tended to discredit the defendant’s character, impaired the integrity of the Grand Jury proceeding. (Cf., People v Celestino, 201 AD2d 91 [1st Dept 1994], supra [indictment dismissed as prosecutor failed to offer a limiting instruction and there was a risk of jury finding guilt based on defendant’s bad character].)
When evidence of prior criminal conduct is presented for a reason other than to establish defendant’s bad character, prejudice is less likely to result. In People v Taylor (181 AD2d 408 [1st Dept 1992]), the Grand Jury heard evidence of rape and sexual abuse from a six-year-old girl who also testified that her sister and another girl had also been raped and sexually abused by the defendants. The Court stated that it was reasonable to conclude that the Grand Jury might have been asked to indict for the alleged crimes involving the two other girls but for the lack of cooperation from one and the youth of the other. As such, the Court held that although this evidence of uncharged crimes would generally be inadmissable at trial, such evidence did not render the Grand Jury proceeding defective. Likewise, in People v Smith (215 AD2d 940 [3d Dept 1995]), a witness before the Grand Jury referred to an uncharged crime and no limiting instruction was given. The Court held that the testimony was relevant to establish the connection between the witness and the defendant and there was little likelihood *124 of undue prejudice (supra, at 941). As such, where the information regarding the defendant’s prior crime is necessary to establish an element of the crime and defendant does not testify, the presentation of such evidence is not likely to impair the integrity of the Grand Jury proceeding.
VI. A Bifurcated Grand Jury Proceeding Will Eliminate the Possibility of Prejudice to Defendant
Although there is no statutory provision requiring a bifurcated Grand Jury proceeding in which evidence of the prior conviction is introduced only after the Grand Jury indicts on the lower grade offense (see, People v Baez, 118 AD2d 863 [2d Dept 1986], supra; People v Zapatero, NYLJ, Oct. 1, 1993, at 27, col 1, n 3, supra), this procedure is an effective way to eliminate the possibility of prejudice to the defendant.
A limiting instruction eliminates the risk that the grand jurors will indict the defendant because of his bad character. The instruction ensures that the Grand Jury only consider the evidence on defendant’s commission of charged crimes, and their decision is not affected by evidence of defendant’s prior contacts with the law. Although a limiting instruction is one way to ensure that the Grand Jury is not prejudiced against a defendant, it is not the only method. A bifurcated Grand Jury proceeding can have the same effect as a limiting instruction. By eliminating any evidence of defendant’s prior crimes from the first half of the presentation, the Grand Jury votes whether or not to indict the defendant on the lower tier crime based solely on the evidence that the defendant committed such crime. In this case the Grand Jury heard evidence that the defendant committed the crime of criminal possession of a weapon in the fourth degree and voted to indict the defendant for that crime.
As the potentially prejudicial evidence is only introduced after the decision has been made, there is no possibility that the Grand Jury’s consideration of the facts of the present crime can be clouded by the introduction of prior crimes. Without the need for an instruction, the Grand Jury only considered defendant’s prior crime to establish an element of the felony of criminal possession of a weapon in the third degree. As such the result of the bifurcated hearing was identical to the result obtained from a limiting instruction. The prosecutor did not need to introduce the fact that defendant had been charged with murder to establish defendant’s prior conviction, nor did *125 he have to read this information to the Grand Jury two times.* However, the Grand Jury did not consider this evidence at the time they decided that defendant committed the crime of criminal possession of a weapon in the fourth degree. The bifurcated proceeding was effective in eliminating prejudice to the defendant.
As the defendant has not met the "very precise and very high” standard for establishing impairment of the Grand Jury proceeding (People v Darby, 75 NY2d 449, 455, supra; CPL 210.35 [5]), the "exceptional remedy” of dismissal is not warranted. Upon reargument, the indictment is reinstated.

 In 1994, defendant had been convicted of the crime of criminal possession of a controlled substance in the seventh degree, an A misdemeanor. A better practice would have been for the prosecutor to introduce proof that the defendant had been convicted of this "minor” crime, which was an equally suitable predicate crime for the felony charged in this case, as opposed to introducing evidence of defendant’s prior manslaughter conviction. In any event, it was certainly unnecessary for the prosecutor to introduce the irrelevant and potentially prejudicial fact that defendant had been charged with murder in the second degree.