People v Alexander (2018 NY Slip Op 02931)





People v Alexander


2018 NY Slip Op 02931


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


197 KA 15-00950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN R. ALEXANDER, DEFENDANT-APPELLANT. 






REEVE BROWN PLLC, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered April 14, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]), defendant contends that the prosecutor's justification instruction to the grand jury rendered the proceeding defective and thus that County Court erred in refusing to dismiss the indictment (see generally CPL 210.20 [1] [c]). Although the People correctly concede that the instruction was erroneous, we nevertheless conclude that dismissal is not required because the error did not impair the integrity of the grand jury proceeding with respect to the sole count of the indictment to which defendant ultimately pleaded guilty.
"A grand jury proceeding is defective . . . when[, inter alia, it] fails to conform to the requirements of [CPL] article [190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Consistent with the general rule that "each count in an indictment is to be treated as if it were a separate indictment" (People v Ardito, 86 AD2d 144, 163 [1st Dept 1982], affd for reasons stated 58 NY2d 842 [1983]), impairment and prejudice must be evaluated on a count-by-count basis (see People v Keller, 214 AD2d 825, 825-826 [3d Dept 1995]; see generally People v Montanez, 90 NY2d 690, 693 [1997]). Although some errors affect the entire grand jury presentation and require dismissal of all counts of an indictment (see People v Connolly, 63 AD3d 1703, 1704-1705 [4th Dept 2009]), other errors are more limited and affect only certain counts (see Keller, 214 AD2d at 825-826).
Here, defendant pleaded guilty to criminal possession of a weapon in the second degree under count two of the indictment in full satisfaction of all seven counts thereof. The remaining six counts were dismissed by operation of law (see CPL 220.30 [2]), and further prosecution thereon is barred (see CPL 40.20 [1]; 40.30 [1] [a]). Thus, to secure relief in this appeal, defendant must demonstrate that the erroneous justification instruction impaired the integrity of the grand jury proceeding and potentially prejudiced him with respect to count two (see Keller, 214 AD2d at 825-826; see generally People v Welch, 2 AD3d 1354, 1356 [4th Dept 2003], lv denied 2 NY3d 747 [2004]). Any impairment or potential prejudice with respect to the other counts is academic because those counts "were ultimately dismissed" (People v Chilson, 285 AD2d 733, 734 [3d Dept 2001], lv denied 97 NY2d 640 [2001], reconsideration denied 97 NY2d 752 [2002]; see People v Mehmood, 112 AD3d 850, 855 [2d Dept 2013]).
Defendant failed to establish that the erroneous justification instruction either impaired the integrity of the grand jury proceeding or potentially prejudiced him with respect to count two [*2]inasmuch as the statutory defense of justification is inapplicable to the crime of criminal possession of a weapon, in any degree (see People v Pons, 68 NY2d 264, 265-268 [1986]; People v Almodovar, 62 NY2d 126, 130-131 [1984]). Defendant's contrary assertion, i.e., that a correct justification instruction could have negated the "intent to use unlawfully" element of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1]), was explicitly rejected by the Court of Appeals in Pons (see id. at 266-268). Defendant's claim of spillover prejudice, i.e., his supposition that the grand jury would not have indicted him on count two had it been properly instructed on the justification defense applicable to other counts, is wholly speculative and does not satisfy his "burden to demonstrate . . . the existence of defects impairing the integrity of the [g]rand [j]ury proceeding and giving rise to a possibility of prejudice" (Welch, 2 AD3d at 1356 [internal quotation marks omitted]). Moreover, defendant's claim of spillover prejudice assumes that the grand jury ignored its sworn obligation to find sufficient evidence of his "intent" to use a weapon unlawfully before returning an indictment for criminal possession of a weapon in the second degree (§ 265.03 [1]), an element that cannot be negated with a defense of justification. As the Court of Appeals observed in Pons, "intent to use and use of force are not the same, and justification, by the very words of the statute (Penal Law § 35.15), is limited to the latter" (id. at 267). Thus, the faulty justification instruction did not impair the integrity of the grand jury proceeding or potentially prejudice defendant with respect to count two (see People v Roach, 147 AD3d 1423, 1423-1424 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Flores, 219 AD2d 40, 45 [1st Dept 1996]).
We note that the certificate of conviction incorrectly reflects that defendant was charged in count seven of the indictment under Penal Law § 120.10 (1), and it must therefore be amended to reflect that he was charged under § 120.10 (4). Contrary to defendant's contention, no further correction of the certificate is required. Finally, we do not address defendant's remaining contentions because defense counsel withdrew them at oral argument of this appeal.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court