People v Murray (2018 NY Slip Op 05494)





People v Murray


2018 NY Slip Op 05494


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2014-11761
 (Ind. No. 12-01281)

[*1]The People of the State of New York, respondent,
v
John Murray, appellant.


Andrew W. Sayegh, White Plains, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Laurie Sapakoff, Steven Bender, and John J. Carmody of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered September 30, 2014, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial showed that the defendant and his accomplice, Beatrice Camper, conspired to kill Beatrice Camper's husband, Terry Camper, and to share in the life insurance proceeds that Beatrice Camper expected to receive upon Terry Camper's death. The evidence established that the defendant used his cell phone to call the cell phone of Terry Camper, who worked as a local community cab driver, to request a cab ride. At the requested pick-up location, the defendant shot Terry Camper in the back of the head, killing him.
The defendant contends that he was unduly prejudiced when the People, in order to elevate the charge of murder in the second degree brought against the defendant to murder in the first degree pursuant to Penal Law § 125.27(1)(a)(ix), presented to the grand jury evidence of a prior conviction of murder in the second degree before the grand jury had first voted on the charge of murder in the second degree. Although the use of a bifurcated grand jury proceeding would have eliminated even the possibility of prejudice to the defendant under these circumstances (see People v Cade, 74 NY2d 410, 415; People v Racalbuto, 163 AD2d 427, 427; People v Pilotti, 170 Misc 2d 118, 124 [Sup Ct, Bronx County]), the procedure employed was not improper (see People v Adorno, 216 AD2d 686, 687; People v Keller, 214 AD2d 825, 826; People v Baez, 118 AD2d 863, 863).
The County Court did not improvidently exercise its discretion in denying the defendant's repeated applications for disclosure of the personnel disciplinary file of one of the People's police witnesses. The court examined the file in camera and determined that it contained no material warranting disclosure (see People v Perez, 44 AD3d 417, 417; People v Contreras, 192 AD2d 417, 417; People v Monroe, 186 AD2d 93, 94).
Contrary to the People's contention, the defendant's argument, raised in his pro se supplemental brief, that the evidence supporting his convictions was legally insufficient based on, inter alia, the incredibility of the testimony of the codefendant, is preserved for appellate review. The defendant was not required to renew his motion to dismiss at the close of his case, since his "case did not supply any additional evidence of guilt" (People v Squires, 68 AD3d 900, 900 [internal quotation marks omitted]; see People v Beriguete, 51 AD3d 939, 940). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court