People v Garcia (2025 NY Slip Op 50982(U))

[*1]

People v Garcia

2025 NY Slip Op 50982(U)

Decided on June 16, 2025

County Court, Columbia County

Herman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2025
County Court, Columbia County

The People of the State of New York,

against
Jonathan Garcia, Defendant.

Indictment No. IND-70018-25

Chris Liberati-Conant, Esq.
Columbia County District Attorney
325 Columbia Street, Suite 260
Hudson, New York 12534 By: Valentina Annunziata, Esq., Assistant District Attorney 
Attorney for the People
William J. Galvin, Esq.
P.O. Box 320
Ghent, New York 12075
Attorney for the Defendant

Brian J. Herman, J.

By indictment No. 70018-25 the defendant is charged with one count each of Criminal Possession of a Weapon in the Third Degree in violation of §265.02(1) of the Penal Law, a Class D Felony (Count 1), Menacing in the Second Degree in violation of §120.14(1) of the Penal Law, a Class A Misdemeanor (Count 2), Reckless Endangerment in the Second Degree in violation of §120.20 of the Penal Law, a Class A Misdemeanor (Count 3), Obstructing Governmental Administration in the Second Degree in violation of §195.05(1) of the Penal Law, a Class A Misdemeanor (Count 4), Menacing in the Third Degree in violation of §120.15 of the Penal Law, a Class B Misdemeanor (Count 5), and Resisting Arrest in violation of §205.30 of the Penal Law, a Class A Misdemeanor (Count 6).
The defendant pled not guilty and now, by his attorney, moves this court for the following relief:
1. Inspection of the grand jury minutes and dismissal/reduction of the indictment;
2. Production of Brady material;
3. Preclusion of evidence not disclosed pursuant to §710.30 of the Criminal Procedure Law;
4. Suppression of evidence as to Counts 4, 5 and 6 pursuant to Payton v New York, 445 US 573 (1980) and §710.20 of the Criminal Procedure Law;
5. Dismissal of the indictment in the interest of justice pursuant to §210.40(1) of the Criminal Procedure Law;
6. Sandoval/Ventimiglia/Molineux hearing;
7. Hearing to determine the audibility and visibility of any recording the People intend to offer in evidence at trial on the indictment;
8. Hearings to be conducted at least twenty days prior to the commencement of trial on the indictment pursuant to People v Sanders (31 NY2d 463 [1973]);
9. Leave to submit further motions; and
10. Other and further relief as the court deems just and proper. 
The People submitted an affirmation in opposition. The defendant did not reply.
I. INSPECTION OF GRAND JURY MINUTES
When considering a motion to dismiss an indictment for legal insufficiency of the evidence before the grand jury pursuant to §210.20(1)(b) of the Criminal Procedure Law, courts are limited to determining whether there was presented "competent evidence which, if accepted as true, establishes every element of the offense charged" or any lesser offense and the defendant's commission thereof (CPL §70.10; CPL §190.65(1); People v Deleon, 34 NY3d 965, 966 [2019]). Evidence presented to the grand jury is legally sufficient if "viewed in the light most favorable to the People, and if unexplained and uncontradicted, it would warrant conviction by a petit jury" (People v Jennings, 69 NY2d 103, 114 [1986]; People v Gaworecki, 37 NY3d 225 [2021]). 
The burden of proof in a grand jury proceeding is not guilt beyond a reasonable doubt, but rather whether the People have made a prima facie showing, utilizing legally admissible evidence, to satisfy each element of the crime charged [People v Powell, 58 AD2d 964 [Third Dept 1977]. 
The court has reviewed the entirety of the grand jury minutes, in camera. In connection with the People's presentation as to Count 1, the People offered for the grand jury's consideration a certificate of conviction issued by the clerk of this court reflecting that on April 7, 2017, the defendant was convicted of robbery in the second degree in violation of §160.10(2)(b) of the Penal Law, a class C felony. Insofar as a prior criminal conviction is an element of the crime of criminal possession of a weapon in the second degree under §265.02(1) of the Penal Law, the People's proffer in this regard was relevant and made in accordance with §60.40(3) and §200.60(4) of the Criminal Procedure Law. This is uncontested. Rather, the defendant asserts that the People's failure to issue an instruction to the grand jury limiting their application or consideration of the defendant's prior criminal conviction requires dismissal of the indictment. 
This case arises from an October 6, 2024, altercation between the defendant and his girlfriend's eighteen-year-old daughter, Elysia, at the home the three shared in the Village of [*2]Valatie, Columbia County. The altercation escalated in intensity until Elysia fled the residence, dialed 911 and State Police responded. Both Elysia and the defendant testified before the grand jury, each offering an account of events giving natural rise to questions of credibility. 
Elysia testified that the defendant entered her bedroom and began "bothering" her while she was on the telephone, whereupon he became "aggressive," yelled at her and proceeded to grab a candle with which he struck her twice on the back of the head. Elysia described the defendant's demeanor during the altercation as "very aggressive, very, very scary and he was really angry," further testifying that she was "fearful for (her) life." Despite the defendant's alleged rage, despite him retrieving an object of the size, heft and fragility of a glass jar candle and despite allegedly striking Elysia twice on the back of her head with it, Elysia was completely uninjured, reported to State Police she was in no pain whatsoever and the candle was unbroken.
The defendant acknowledged his participation in the altercation, volunteering in his testimony to the grand jury that he told Elysia, "Shut the (expletive) up or I'm going to bash your head in." The defendant further acknowledged picking up the candle, but denied ever lifting it, raising it or approaching Elysia with it.
The court need not, and will not, endeavor here to reconcile the divergent accounts of Elysia and the defendant. It is important to note, however, that this was the precise task with which the grand jury was charged.
At the conclusion of the People's examination of Trooper Jerrad Weber, the People entered into evidence the certificate of conviction reflecting the defendant's 2017 conviction for Robbery in the Second Degree. Though not highlighted by the People in their presentation, the certificate plainly states, in all capital letters, that the defendant was convicted of "ROB-2ND DISPLAYS FIREARM PLED GUILTY." No limiting instruction was given with respect to this evidence.
The court's analysis must begin with §190.30 of the Criminal Procedure Law which provides, "Whenever it is provided in article sixty that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury." The court notes well the operation of the words "must" and "may" in §190.30. While a trial court must, of course, exercise the utmost circumspection and thoroughness in instructing a trial jury as to evidentiary issues, the prosecution is vested with a measure of discretion in this regard in proceedings before a grand jury. This reflecting a long-recognized "lesser standard for measuring the sufficiency of grand jury instructions" (see People v Dillon, 87 NY2d 885, 887 [1995]). This discretion is not, however, unlimited, and the prosecution may not employ §190.30 to abdicate their role as legal advisor to the grand jury by failing to give appropriate instructions or by giving improper instructions (People v Valles, 62 NY2d 36, 38 [1984]).
Criminal Procedure Law §60.40 governs the introduction of evidence to prove a prior criminal conviction, limiting the use of such evidence to purposes of impeachment, negating testimony of a defendant's good character or proving a conviction when the fact of such conviction constitutes an element of the crime charged. Thus, the question is not the appropriateness of the People's introduction of the defendant's burglary conviction (see People v Baez, 118 AD2d 863 [2d Dept 1986]) or whether, under these circumstances, a limiting instruction was required — which the People concede — but whether and to what extent the absence of a limiting instruction relative to that conviction impacted upon on the integrity of the grand jury proceeding. The People argue that their failure to do so had no impact on the [*3]integrity of the proceeding, the defendant suffered no prejudice, and dismissal is not warranted. As to Counts 1 and 3 of the indictment, the court cannot agree.
CPL §210.35 provides that a grand jury proceeding is defective when "the integrity thereof is impaired and prejudice to the defendant may result." The defendant need not demonstrate actual prejudice (People v Sayavong, 83 NY2d 702, 709 [1994]), as dismissal under CPL §210.35 is warranted where a defect in the indictment creates the mere possibility of prejudice (People v Huston, 88 NY2d 400, 409 [1996]; People v DiFalco, 44 NY2d 482, 487 [1978]).
In addition to those purposes set forth in CPL §60.40, evidence of a defendant's prior crimes or misconduct may be admissible to demonstrate intent, motive, knowledge, common scheme or plan, identity, absence of mistake or furtherance of self-interest at the expense of society (see People v Beam, 57 NY2d 241 [1982]; People v Mees, 47 NY2d 998 [1979]; People v Bayne, 82 NY2d 673 [1993]; People v Marrin, 205 NY 275 [1912]; People v Duffy, 212 NY 57 [1914]; People v Henson, 33 NY2d 63 [1973]). Such evidence is inadmissible, however, where its only purpose is to show bad character or propensity towards crime (People v Arafet, 13 NY3d 460, 464-465 [2009]; People v Molineux, 168 NY 264 [1901]. In recognition of the natural human tendency to conclude that a defendant who has committed previous crimes is either the kind of person likely to have committed the crime charged or is, in any event, deserving of punishment, where evidence is admissible for a non-propensity purpose, courts are compelled to issue instructions limiting the jury's consideration of such evidence in connection with the purpose for which it is being received (People v Mayrant, 43 NY2d 236, 239 [1977]; People v Dickman, 42 NY2d 294, 297 [1977]). Indeed, the form Molineux instruction for use by courts of this state expressly charges that evidence of prior criminal conduct "was not offered, and must not be considered, for the purpose of proving that the defendant had a propensity or predisposition to commit the crime(s) charged."
It should be noted that in certain cases the evidence may so strongly infer criminal propensity that a limiting instruction is insufficient and the prosecution's entitlement to the evidence must give way to the defendant's right to a fair trial (id. ["the inescapable reality in this circumstance is that whatever the clarity and vigor of any restrictive instructions, there was a very great, and to us unacceptable risk, that the jury might have considered the conviction . . . as demonstrating more persuasively that the defendant was disposed to drive recklessly, than he might be disposed to lie on the witness stand"]. As pertinent to this case, the Third Department has held it was reversible error for the trial court, notwithstanding the provisions of §200.60, to afford the defendant the opportunity to admit, outside the presence of the jury, his prior conviction for driving while intoxicated, despite both a limiting instruction and that a prior impaired driving conviction was an element of the charged crime (People v Sawyer, 188 AD2d 939 [1992]). 
In cases where the "totality of the proof against the defendant [is] overwhelming," the failure to charge a limiting instruction generally does not result in prejudice to the defendant (People v Caroselli, 228 AD2d 691 [2d Dept 1996]). "Where the evidence of guilt is not overwhelming, the use of [a] defendant's prior conviction as proof of guilt will tip the scales in favor of a vote to indict and result in significant prejudice to the defendant" (People v Pilotti, 170 Misc 2d 118 [Sup Ct, Bronx County 1996]. It has also been recognized that "where a defendant's credibility is in issue before the grand jury, usually a case where the defendant testifies, the failure to provide a limiting instruction is much more likely to result in prejudice to [*4]the defendant" (People v Hargrove, 80 Misc 2d 317, 327 [Sup Ct, Westchester County 1975]. 
The grand jury, having heard and considered the testimony of Elysia and the defendant, returned an indictment charging the defendant with Criminal Possession of a Weapon in the Third Degree and Reckless Endangerment in the Second Degree. With no evidence of injury or further indication that the defendant weaponized the candle (other than Elysia's testimony), the evidence against the defendant can hardly be considered "overwhelming." As such, indictment as to these counts compels the conclusion that the grand jury rejected the defendant's testimony as to the events of the altercation at issue. Though it cannot be said with any degree of certainty why the grand jury rejected the defendant's testimony, it likewise cannot be said that in so doing the grand jury drew no inference of propensity, be it to criminality in general, to the unlawful use of weaponry in furtherance of his interests, or simply that the defendant was of bad character. If the mere possibility exists that the certificate of conviction or the language therein, "ROB-2ND DISPLAYS FIREARM PLED GUILTY" caused the grand jury to reconcile the conflicting testimony in favor of Elysia — in other words, resulting in prejudice to the defendant — the proceeding as to these counts was defective and they must be dismissed pursuant to CPL §210.35. Under these circumstances, the court concludes that the People's failure to issue a limiting instruction with respect to the certificate of conviction rendered the proceeding defective as to Counts 1 and 3, thus dismissal of those counts is required.
However, dismissal is not warranted with respect to the remaining counts of the indictment. Whereas the disputed allegations supporting the charges of Criminal Possession of a Weapon and Reckless Endangerment — specifically as to the defendant's intent and actual use of the candle — bear so mightily on the content of the certificate of conviction, the defendant offered no testimony before the grand jury tending to negate the allegations in support of the balance of the indictment.
The court notes that the indictment as to Count 5 references Menacing in the Third Degree as constituting a Class A Misdemeanor. However, Menacing in the Third Degree, as defined in §120.15 of the Penal Law, is a Class B Misdemeanor. Insofar as the Penal Law references in Count 5 are otherwise consistent and accurate, the text is sufficient to apprise the defendant as to the charge and the People are granted leave to correct the indictment accordingly (see People v Ashcroft, 233 AD3d 1080, 1082 [Third Dept 2024; CPL 200.70(1)]). 
Except as otherwise described herein, considering the entirety of the testimony and evidence presented to the grand jury in connection with the indictment, the court finds that the proceedings were proper in form and conduct. The court further finds that the People presented competent and legally sufficient evidence to establish, prima facie, that the defendant committed the crimes of Menacing in the Second Degree [Penal Law §120.14(1), Class A Misdemeanor]; obstructing governmental administration in the second degree [Penal Law §195.05(1), Class A Misdemeanor]; Menacing in the Third Degree [Penal Law §120.15, Class B Misdemeanor]; and Resisting Arrest [Penal Law §205.30, Class A Misdemeanor].

II. MOTION FOR PRODUCTION OF BRADY MATERIAL
The defendant moves for an order pursuant to Brady v Maryland [373 US 83 (1963)] directing the People to furnish the defendant within their possession or knowledge might be "favorable" to the defendant. The People make no representation as to the disclosure or non-disclosure of any such material in their opposition papers. The court acknowledges the People's continuing obligations under Brady and its progeny and will entertain further motions as deemed [*5]appropriate by the defendant's counsel. 

III. MOTION FOR SUPPRESSION OF STATEMENTS
The People represent having served upon the defense a notice pursuant to §710.30 of the Criminal Procedure Law. The defense acknowledges receipt thereof without assertion that such service was untimely. The People further represent that they do not intend to utilize at trial any other or further statements within the purview of §710.30 not previously disclosed to the defense.

IV. SUPPRESSION OF EVIDENCE PURSUANT TO PAYTON v NEW YORK
The defendant moves for the suppression of evidence obtained incident to his arrest on October 6, 2024, pursuant to Payton v New York [445 US 573 (1980)] and §710.20 of the Criminal Procedure Law. The court has reviewed the body-worn camera footage submitted by the People in opposition to the defendant's motion. The court finds, however, that this single perspective of the three responding State Troopers, disconnected from one other and muted at varying stages of the investigation, is insufficient to render a determination on the issue without an evidentiary hearing [CPL §210.45(6)]. 
Pre-trial hearings are scheduled for July 2, 2025, at 2:00 p.m.

V. MOTION FOR DISMISSAL IN THE INTEREST OF JUSTICE
The defendant moves for dismissal of the indictment in the interest of justice pursuant to §210.40(1) of the Criminal Procedure Law, asserting that a judgment of conviction as to Count 1 would require a sentence disproportionate to the gravity of the alleged offense. In light of the court's dismissal of Count 1 and Count 3, the motion is denied. 

VI. SANDOVAL/VENTEMIGLIA/MOLINEUX
Hearing is granted on consent. The People shall be prepared to address any Sandoval/Ventemiglia/Molineux evidence they intend to introduce at pre-trial hearings on July 2, 2025, at 2:00 p.m.

VII. AUDIBILITY/VISIBILITY OF EVIDENCE
The court finds the body-worn camera footage submitted in opposition to the defendant's motion to be of sufficient audibility and visibility for introduction at trial.
The People shall be prepared to make a similar demonstration as to any other audiovisual recordings that they intend to offer at trial at pre-trial hearings on July 2, 2025, at 2:00 p.m.

VIII. FURTHER MOTIONS AND RELIEF
The court will review additional motions on an individual basis and rule accordingly.
Accordingly, it is hereby
ORDERED that Count 1 and Count 3 of the indictment are hereby dismissed, with leave to represent to a future grand jury; and it is further
ORDERED that all pre-trial hearings in this matter shall commence on July 2, 2025 at 2:00 p.m.; and it is further
ORDERED that jury trial on the remaining counts of the indictment shall commence on August 19, 2025, at 9:00 a.m.
This constitutes the decision and order of the court.
Dated: June 16, 2025
Hudson, New York
Hon. Brian J. Herman
County Court Judge
Papers considered:
Notice of Omnibus Motion of William J. Galvin, Esq., dated April 7, 2025
Affirmation of William J. Galvin, Esq., affirmed April 7, 2025
Affidavit of Defendant, sworn to April 7, 2025
Affirmation in Opposition of Valentina Annunziata, Esq., affirmed April 18, 2025, with exhibits
Grand Jury Minutes, January 24, 2025
Indictment 70018-25